State ex rel. v. Cement Co.

STATE *ex rel.* VANCE *et al. v.* DIXIE PORTLAND CEMENT CO.*

(*Nashville.* December Term, 1924.)

1. **TAXATION.** Writ lies to review action of State board of equalization if illegal or in excess of jurisdiction, but not action on merits.

   *Certiorari* will lie at instance of taxpayer to review action of State board of equalization under Acts 1919, chapter 1, sections 10, 12, 15, on appeal from county board, under sections 8 and 11, if illegal or in excess of State board's jurisdiction, but will not lie to review action of board on the merits. (*Post, pp.* 58, 59.)

   Acts cited and construed: Acts 1907, ch. 602, sec. 37; Acts 1919, ch. 1, secs. 8, 10, 11, 12, 15.

   Cases cited and approved: Tomlinson v. Board of Equalization, 88 Tenn. 1; Railroad v. Bate, 80 Tenn., 573; Staples v. Brown, 113 Tenn., 639; McGrath v. Logue, 46 Tenn., 340; Spears v. Loague, 46 Tenn., 420.

2. **TAXATION.** Granting of writ to review action of State board of equalization held within sound discretion of judge.

   Where petition for writ of certiorari to review action of State board of equalization alleged that petitioner's property was assessed in violation of law, and that petitioner was guilty of no laches in presenting petition, it was within the sound discretion of the circuit judge to grant writ. (*Post, p.* 59.)

3. **TAXATION.** Writs of certiorari and supersedeas to review action of State board of equalization arrested proceedings before board, and precluded recovery of taxes.

   Writs of *certiorari* and *supersedeas* to review action of State board of equalization granted by circuit judge arrested proceedings before the board of equalization, and precluded recovery of taxes pending such proceeding. (*Post, pp.* 59, 60.)

State ex rel. v. Cement Co.

4. **TAXATION.** State revenue agent and tax attorney held not entitled to compensation for services in delinquent tax suit pending certiorari proceeding in circuit court to review assessment.

State revenue agent and tax attorney were not entitled to compensation for services in delinquent tax suit under Acts 1907, chapter 602, section 70, and Acts 1921, chapter 115, pending proceedings in circuit court to review assessment on *certiorari*, since there could be no recovery under delinquent tax bill pending such proceeding. (*Post, p.* 60.)

Acts cited and construed: Acts 1907, ch. 602, sec. 70; Acts 1921, ch. 115.

5. **OFFICERS.** Public officers can receive no fees or costs not expressly authorized by law.

Public officers can receive no fees or costs, except as expressly authorized by law. (*Post, p.*—.)

---

*Headnotes 1. Taxation, 37 Cyc., p. 1121; 2. Taxation, 37 Cyc., p. 1121; 3. Taxation, 37 Cyc., p. 1127 (1926 Anno); 4. Taxation, 37 Cyc., p. 1127 (1926 Anno); 5. Officers, 29 Cyc., p. 1423.

---

FROM MARION.

---

Appeal from the Chancery Court of Marion County.— HON. T. L. STEWART, Chancellor.

A. R. HALL, for complainant.

CHAS. C. MOORE, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The defendant appealed from a decree awarding D. B. Vance, state revenue agent, and A. R. Hall, tax attorney, a fee of $1,214.70, as compensation in a delinquent tax case. The revenue agent and tax attorney appealed, insisting that their fee should have been fifteen per cent. upon $20,119.99 taxes alleged to be delinquent.

The bill was filed January 16, 1922, to recover, on behalf of the State and county, a balance of $20,199.99, appearing on the tax books of Marion county as taxes payable in 1920, and delinquent from March 1, 1921. The defendant contends that the assessment for 1920 was illegal, and a proceeding was pending in the circuit court of Davidson county to review the action of the State board of equalization when the bill was filed. It insists that the assessment was incomplete, and no charge could be entered upon the the tax books until the questions presented upon the petition for *certiorari* were determined by the court. The controversy arose from the fact that the proceeding to review the assessment was filed, and the writs of *certiorari* and *supersedeas* issued, after the State board of equalization certified the assessment to the county court clerk.

The county assessor and county board of equalization assessed the property of Dixie Portland Cement Company in Marion county for 1920 at $2,500,000. Under chapter 602, section 37, Acts of 1907 (chapter 1, sections 8 and 11, Acts of 1919), the cement company appealed to the State board of equalization, which reviewed the action of the county board and reduced the assessment to $1,755,671. Section 10, chapter 1, Acts of 1919, provides that the action of the State board of equalization shall

be final and conclusive as to all matters passed upon by them, and taxes shall be collected upon the valuation fixed by the board.

Section 12 and 15 of chapter 1, Acts of 1919, provides that after the State board has completed the equalization of property, and not later than October 1, they shall certify the assessment to the county court clerk, and the rate of taxation shall not be fixed by the county until after the State board shall have certified their action.

Section 38, chapter 602, Acts of 1907, provides that the county court clerk shall make out and deliver the tax book to the county trustee on or before the first Monday of October. Chapter 1 of the Acts of 1919 extended this time to December 1.

October 16, 1920, the State board of equalization certified their action upon the assessment to the county court clerk as required by section 12 of chapter 1, Acts of 1919, and instructed the clerk to correct the tax rolls, so as to reduce the assessment against the Dixie Portland Cement Company upon its real estate to $1,550,000. The county board's assessment upon the personalty was left intact, and the aggregate assessment fixed by the State board of equalization was $1,755,671. The county court clerk received the order of the State board of equalization October 18, 1920, and entered the assessment upon the tax books.

When A. G. Hollaway assumed the office of trustee September 1, 1922, tax records of the office showed taxes paid by the cement company in January, 1921, upon a valuation of $713,655, and a balance due upon the remainder of the $1,755,671 assessment of $16,772.16. The

interest and penalties increased the tax to $20,119.99, which the bill seeks to recover.

November 24, 1920, the cement company filed the petition for *certiorari* and *supersedeas* in the circuit court at Nashville to review the action of the State board of equalization in fixing the assessment at $1,755,671. It alleged that the assessment against its property in excess of $845,533.55 was excessive and unjust; that the State board of equalization refused to give the company a fair opportunity to present the facts disclosing the assessable value of its property, and illegally required the company to show the par value of its capital stock and net earnings for 1919, upon which the assessment was made, and refused to allow deduction for the value of articles manufactured from the produce of the State, and exempt from taxation; that it illegally added to the cash value of tangible property in Marion county the value of intangible assets assessable in West Virginia, the domicile of the company; and that the intangible value was arrived at by the board's estimate of the supposed net earnings of the company. It charged that the State board of equalization postponed action upon the cement company's appeal, and without notice fixed the assessment and certified it to the county court clerk. It was charged in the petition that the board illegally assessed articles manufactured from the produce of the State, and intangible assets assessable in another State.

The State board of equalization and the county court clerk were made parties to the petition. Writs of *certiorari* and *supersedeas* were issued November 24, 1920, and served upon the State board. Process was not served

upon the county officers, but a subsequent petition to hold B. L. Graham and S. L. Rogers, clerk and trustee, respectively, in contempt was filed in the *certiorari* proceeding in which it was charged that they had actual notice that the petition was filed and the writs granted, and willfully ignored and violated orders of the court by entering the assessment upon the tax books, and by attempting to enforce payment of the taxes while the *certiorari* proceeding was pending.

While the statute (section 12, c. 1, Acts of 1919), provides that the action of the State board shall be final and conclusive, such finality is subject to the reviewing jurisdiction of the circuit court by means of the writ of *certiorari*. The writ will not lie at the instance of a taxpayer to review the action of the State board upon its merits. *Tomlinson* v. *Board of Equalization,* 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207. It would lie if the board acted illegally or in excess of their jurisdiction. *Railroad* v. *Bate,* 12 Lea, 573; *Staples* v. *Brown,* 113 Tenn , 639, 85 S. W., 254.

The proceeding to review the action of the State board of equalization was pending in the circuit court of Davidson county when the delinquent tax bill was filed. The circuit judge granted the writs, and the petition was filed November 24, 1920, after the county court clerk received the certificate of the State board of equalization October 18, 1920. To invoke the action of the reviewing court, the petition charged want of notice and knowledge of the alleged illegal action of the State board of equalization in making the assessment, and certifying the result to the county court clerk. Upon these allegations the writs were awarded.

The State board of equalization employed counsel, and made return to the petition for *certiorari.* An agreed order was entered January 25, 1921, authorizing the county trustee of Marion county to collect taxes upon an assessment of $713,655, pending the determination of the validity of the assessment by the State board. The tax upon this valuation was paid to the county trustee January 25, 1921. Their attorney of record agreed to the decree of February 15, 1922, fixing the final assessment against the cement company at $1,400,000, upon which the State and county tax was paid to the county trustee February 22, 1922. The circuit court of Davidson county had jurisdiction to review the action of the State board of equalization, and to set aside their decision, if found illegal. *McGrath* v. *Logue,* 6 Cold., 340; *Spears* v. *Loague,* 6 Cold., 420, 37 Cyc., 1111-1120.

Upon allegation that its property was assessed in violation of law, and that it was guilty of no laches in presenting the petition, which was done before the tax was due December 1st, it lay within the sound discretion of the circuit judge to grant the writ of *certiorari.* The writs arrested the proceedings before the board of equalization, and removed the inquiry to the circuit court. The assessment was incomplete when the tax bill was filed. There could be no recovery of the taxes pending the action in the circuit court of Davidson county to review the assessment.

Section 70, chapter 602, Acts of 1907, provides that for their services in the collection of delinquent taxes by suit the revenue agent and tax attorney shall be allowed not exceeding fifteen per cent. upon the recovery to be paid

by the delinquent taxpayer. Chapter 115, Acts of 1921, allows fifteen per cent. on the gross amount of taxes, interest, and penalty to be taxed as costs in the suit. If the court could exercise a discretion in taxing the fee, the facts would justify it, but the appellants as public officers are claiming commissions for services rendered under section 70, chapter 602, Acts of 1907, and chapter 115, Acts of 1921. These acts provide that compensation for services in such suits shall be taxed as cost against the taxpayer.

It is a settled policy of the State, determined by statute and judicial decree, that public officers can receive no fees or costs except as expressly authorized by law. Under the facts recited, the fees could not be taxed as cost against the taxpayer, because there was no recovery under the delinquent tax bill. There could have been no recovery pending the proceeding in the circuit court of Davidson county to review the assessment.

The decree of the chancellor is reversed. The cement company and Marion county will each pay half the costs.