CITY OF NASHVILLE *v.* MADISON PARK LAND COMPANY.*

(*Nashville.* December Term, 1926.)

Opinion filed May 7, 1927.

1. CONDEMNATION. Municipality. Widening street. Cost of improvement.

The widening of a street, and its improvement together with new paving and sidewalk may be treated as a single project. (Post, p. 386.)

Citing: Private Acts 1923, chapter 125, charter of Nashville, sec. 4 s.-s. 2, 4, 6. Section 42.

2. SAME. Same. Same. Same.

An assessment under a charter provision (Private Acts 1923, chapter 125) based upon the assessed value for taxation, has reference to the year of completion rather than the year in which improvement is ordered and begun, the municipal charter providing, that assessments shall be made "after the completion of the work or improvement." (Post, p. 389-381.)

Citing: R. R. v. Bate, 80 Tenn., 573.

3. SAME. Same. Same. Right of property owner.

The landowner cannot be cut off from attacking the action of the assessing board by certiorari, because of failure to appear before the board itself, and there protest. (Post, p. 388.)

Citing: State ex rel. v. Cement Co., 151 Tenn., 53-58; Staples v. Brown, 113 Tenn., 639; Carriger v. Morristown, 148 Tenn., 585.

4. SAME. Same. Same. Front foot assessment.

Whether the front foot method of assessment be followed, or whether the method followed be to authorize an administrative board to apportion the assessment according to a determination of benefits by such board, the result intended is the same, that is, the placing on each lot or parcel of land, a burden which shall not exceed the special benefit received by such lot from the improvement made. (Post, p. 391.)

Citing: Norwood v. Baker, 112 U. S., 292; 43 L. Ed. 443; Arnold v. Knoxville, 115 Tenn., 225; Bauman v. Ross, 167 U. S., 548; 42 L. Ed., 217; Page & Jones on Taxation, Vol. 1, sec. 308; Obion County v. Coulter, 153 Tenn., 469-485.

Citing and distinguishing: City of Memphis v. Hill, 141 Tenn., 250.

**5. SAME.   Same.   Same.   Same.**

The authorities uniformly recognize that the front foot method of assessment is not suitable for all purposes or conditions, and that it may constitutionally be authorized only in circumstances in which it reasonably appears that the proper relation between the assessment and benefits received will be obtained.   (Post, p. 391.)

Citing: Norwood v. Baker, supra; Merca v. Barber Asphalt Paving Co., 181 U. S., 324-344, 45 L. Ed., 879-890; Wagner v. Leser, 239 U. S., 207-219, 60 L. Ed., 239-237; Martin v. District of Columbia, 205 U. S., 135-139, 51 L. Ed., 743, 744; Corcoran v. Cambridge, 199 Mass., 5, 85 N. E., 155, 18 L. R. A., 187-190; Cheney v. Beverly, 188 Mass., 81; 74 N. E. 306.

**6. DEED.   Grantor.   Grantee.   Party in interest.**

Upon a conveyance by warranty deed, the grantee has such an interest, that he may question by appropriate proceedings, the validity of an action, which creates an encumbrance, for which he is liable upon his covenant against such.   (Post, p. 389.)

---

*Headnotes 1.   Municipal Corporations, 28 Cyc., pp. 1171, 1175; 2. Municipal Corporations, 28 Cyc., p. 1175; 3.   Municipal Corporations, 28 Cyc., p. 1183; 4.   Municipal Corporations, 28 Cyc., p. 1102; 5. Municipal Corporations, 28 Cyc., p. 1128; 6.   Constitutional Law, 12 C. J., section 1060; Municipal Corporations, 28 Cyc., p. 1158; 7. Municipal Corporations, 28 Cyc., p. 1159; 8.   Constitutional Law, 12 C. J., section 1060; Municipal Corporations, 28 Cyc., p. 1103; 9. Municipal Corporations, 28 Cyc., p. 1184 (Anno); 10. Certiorari, 11 C. J., section 407 (Anno); 11. Municipal Corporations, 28 Cyc., p. 1151 (Anno); 12. Municipal Corporations, 28 Cyc., p. 1152.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. E. F. LANGFORD, Judge.

J. W. MOORE, CARLTON LOSER, NORMAN MINICK and CHARLES GILBERT, for City.

LITTELL RUST and M. P. O'CONNOR, for Land Co.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By the writs of *certiorari* and *supersedeas* the defendant in error, Madison Park Land Company, brought to the Circuit Court for review certain proceedings of the Board of Public Works of the city of Nashville, by which a certain lot of real estate was assessed with a portion of the cost of widening and otherwise improving a street on which said lot abutted.

Final judgment was rendered in the Circuit Court, sustaining the petition for *certiorari* and *supersedeas,* and adjudging the assessment invalid except for a small proportion, which was not contested and which had been tendered and paid into court by the defendant in error. An appeal in the nature of a writ of error was granted to the city of Nashville, after its motion for a new trial had been overruled.

The assessment here involved was made on the easterly one hundred four feet of a lot having a total frontage of one hundred sixty-five feet, on the south side-of Church street in the city of Nashville, between Ninth and Tenth avenues. That part of the lot which was assessed fronts on the approach to the Church street viaduct. The viaduct proper, as distinguished from the approach, begins at a point opposite the lot of the defendant in error, one hundred four feet from the east boundary, and extends westward, passing over Tenth avenue.

The improvement for which the assessment was made consisted of the widening of Church street from the intersection of Eighth avenue to an alley which formed the east boundary of the lot of the defendant in error, and

the reconstruction of the viaduct approach opposite the lot in question, with a change in grade and style which eliminated a pronounced dip in the street between Eighth avenue and the viaduct and made a practically level street from Eighth avenue to the viaduct. The old approach was divided in the center of the street by an underpass, through which vehicles could reach Tenth avenue under the viaduct. This had the effect of dividing the traffic on Church street, and only east-bound traffic could travel the approach on which the lot of the defendant in error fronted. This underpass was eliminated when the approach was reconstructed. The assessment also included the cost of paving and sidewalks from Eighth avenue to the viaduct proper, including the approach.

No part of the lot of the defendant in error was taken or condemned in the widening of the street, but it appears from the record that the city authorities treated the widening of the street east of the lot of the defendant in error and the reconstruction of the viaduct approach, together with the new paving and sidewalks, as a single improvement. The resolution of the Board of Public Works ordering the improvement is not in the record, but the weight of the evidence is that the entire improvement from Eighth avenue to the viaduct proper was treated as a single project.

The viaduct proper was also reconstructed by the city, but no part of the cost thereof was assessed against the abutting property.

All of the abutting property on both sides of Church street between Eighth avenue and the east end of the viaduct proper, the west end of the approach to the viaduct, was assessed by the city with a portion of the cost of the improvement consisting of the widening, the

construction of the new approach to the viaduct, and the paving of the street and the approach, including the cost of acquiring the property necessary to the widening of the street.

The petition for *certiorari* charged that the special assessment against petitioner's property was wholly illegal, void and unenforceable, in so far as it included the amount paid by the city to the property owners for property taken and condemned for the purpose of widening the street; the contention of the petitioner being stated in the petition that to assess the property owners with the amount paid to them as the value of the property taken or condemned would result in the taking of their property without just compensation, in violation of the constitutional inhibition against the taking of property for public use without just compensation. An additional ground relied upon to show the invalidity of the assessment was stated in the petition, as resulting from the fact that the assessment was in excess of fifty per cent of the value placed upon the property of the defendant in error as its assessed value for general taxation purposes for the year 1924, in which year the improvements were made; the charter of the city of Nashville, pursuant to which the improvements and assessments were made, so limiting the assessment. Both of these contentions were sustained by the Circuit Court.

The charter of the city of Nashville is contained in chapter 125 of the Private Acts of 1923. Section 42 of that act authorizes the Board of Public Works of the city to improve or reconstruct any street, including improvement by widening, "and to cause two-thirds of the cost or expense of the aforesaid work and improvements to be assessed against the property abutting on said street,

avenue, alley, highway or other public place or places so improved."

It is not contended by the defendant in error that this language of the charter is not broad enough to authorize the city to include in the assessment the cost of acquiring the property necessary to the widening of a street.

Sub-section 2 of this Section of the Charter directs that after such an improvement is ordered by the Board of Public Works, and detailed estimates, etc. shall have been placed on file in the office of the city engineer, notice shall be published of an appointed time when the Board will meet and hear "any objection or remonstrance that may be made to said improvement, the manner of making same, or the character of the material to be used." Persons whose property will be affected by the improvement are given the right to appear at such hearing in person by attorney, or by petition.

Sub-section 4 of this Section of the Charter directs that "after the completion of the work or improvement" it shall be the duty of the Board of Public Works to apportion two-thirds of the cost of the improvement upon the land abutting the street, "which apportionment shall be made against said land and the several lots or parcels thereof, according to the frontage of said lots or parcels on or alongside of said street, highway, avenue, alley, or other public place."

Immediately following the direction for the apportionment just quoted, and as a proviso thereto, it is directed thereto, it is directed that the total assessment upon any lot or parcel of land "shall not exceed one-half of the assessed value of said lot for municipal taxes for the current year."

Sub-section 6 of this Section of the Charter directs the Board, after the completion of the apportionment, to publish a notice of an appointed time when the Board will meet and consider "any and all objections to said apportionment that have been filed in its office and with the city clerk." All persons whose property is assessed are given opportunity to file in writing "any objection or defense to the proposed assessment against the property, or to the amount thereof."

This sub-section further provides as follows: "If no objection to the *pro rata* or the amount thereof is filed, or if the property owner fails to appear in person or by attorney and resist the same, the *pro rata* shall be confirmed and made final; and property owners who do not file objection in writing or protest against such assessment shall be held to have consented to the same and forever barred to attack the regularity, validity or legality of such assessment. Such confirmation and final action on said assessment by the Board shall be by resolution and final on all questions of fact."

The effect of the averment of the petition for *certiorari* that the assessment against the land of the defendant in error was void because of the inclusion in the assessment of the cost of acquiring the land necessary for the widening of the street, is to charge that the assessing body, the Board of Public Works, acted illegally and in excess of the authority conferred upon it by the statute. We do not think that the landowner can be cut off from so attacking the action of the assessing board, by *certiorari*, because of his failure to appear before the Board itself and there protest. *State ex rel.* v. *Cement Co.*, 151 Tenn., 53, 58; *Staples* v. *Brown,* 113 Tenn., 639; *Carriger* v. *Morristown,* 148 Tenn., 585.

With regard to the second ground of attack on the assessment stated in the petition, that the assessment exceeded one-half of the assessed value of the lot for municipal taxes for the current year, the proof offered in the Circuit Court showed that the assessment was made in October, 1925, and that the assessment complained of did not exceed one-half of the assessed value of the lot for municipal taxes for the year 1925; that the Board of Public Works construed the limitation in the charter to refer to the general assessment for the year in which the assessment was made rather than the year in which the improvement was begun.

The question made by the petition and proof is, therefore, whether an assessment under the charter provision above set out must be limited to one-half of the assessed value of the lot for municipal taxes for the year in which the improvement is ordered or commenced, or whether it is limited by the assessed value for the year in which the work is completed and the assessment made.

We think this is a question which can be made by the landowner, by *certiorari*, without an appearance before the Board of Public Works, under the authorities above cited. The contention so made is that the assessing Board followed an unlawful rule in determining the limit of the assessment, and is not a complaint at a mere error in amount, arising from oversight or mistake of fact. *Railroad* v. *Bate,* 80 Tenn., 573.

A further contention is made by the city, under the proof in the case, that the defendant in error was not entitled to question the assessment by *certiorari* because, prior to the date the petition was filed, the defendant in error had sold the property in question, and the assessment did not create any personal liability against the defendant in error as owner of the land.

The proof further showed, however, that the defendant in error had executed a general warranty deed to the land, containing a covenant against encumbrances, and had also executed to its purchaser a bond to hold the purchaser harmless against the assessment involved in this case. Inasmuch as the defendant in error was the owner of the land at the time the assessment was made, and bound itself to pay the assessment, if valid, by its contract with its purchaser, we think the defendant in error had such interest in the controversy as to entitle it to file and prosecute the petition for *certiorari*.

The power of the legislature to authorize the cost of acquiring property for a street, either for a new street or for the widening of an existing street, to be included in an assessment against property abutting on the street cannot be distinguished in principle from authority to include other items of the cost of opening and improving the street in such an assessment. The difference is only in the amount of the assessment, and whatever may be the items entering into the total assessment, the underlying principle is that the assessment must not exceed the special benefits conferred upon the land assessed. *Bauman* v. *Ross,* 167 U. S., 548, 42 L. Ed., 217; *Norwood* v. *Baker,* 172 U. S., 292, 43 L. Ed., 443; Page & Jones, Taxation by Assessment, vol. 1, sec. 308; *Obion County* v. *Coulter,* 153 Tenn., 469, 485.

The contention of the defendant in error is, however, that an assessment which includes the cost of the acquisition of property for the opening or widening of a street, must be apportioned among the lots or parcels of real estate according to the benefit received by each such lot or parcel of land, a method of apportionment which requires that the landowner be given a hearing on the question of

benefits received, and that such an assessment cannot be apportioned on the front-foot method of assessment without depriving the landowners, a part of whose land is taken for the improvement, of their property without due process of law; and for this contention the defendant in error relies mainly upon the holding in *Norwood* v. *Baker,* 172 U. S., 292, 43 L. Ed., 443.

Whether the front-foot method of assessment be followed, or whether the method followed be to authorize an administrative board to apportion the assessments according to a determination of benefits by such board, the result intended is the same; that is, the placing on each lot or parcel of land a burden which shall not exceed the special benefit received by such lot from the improvement made.

In *Arnold* v. *Knoxville,* 115 Tenn., 225, this court referred to the front-foot assessment rule as follows:

"It is predicated on the assumption that, as a rule, property along the line of a street improvement will be equally benefited; that, as a rule, property fronting upon a street, foot by foot, will be of equal value, and should therefore be equally assessed."

And in *City of Memphis* v. *Hill,* 141 Tenn., 250, this court referred to "two predominant plans, viz. by the front-foot method, and assessments in proportion to benefits had, both recognized as securing under differing conditions, the most approximate measurement of assessments and benefits."

The authorities uniformly recognize that the front-foot method of assessment is not suitable for all purposes or conditions, and that it may constitutionally be authorized only in circumstances in which it reasonably appears that the proper relation between the assessment and benefits received will be obtained.

The decision in *Norwood* v. *Baker,* supra, was subsequently interpreted by the Supreme Court of the United States in *French* v. *Barber Asphalt Paving Co.,* 181 U. S., 324, 344, 45 L. Ed., 879, 890, as follows:

"That was a case where, by a village ordinance apparently aimed at a single person a portion of whose property was condemned for a street, the entire cost of opening the street, including not only the full amount paid for the strip condemned, but the cost and expenses of the condemnation proceedings, was thrown upon the abutting property of the person whose land was condemned. This appeared, both to the court below and to a majority of the judges of this court, to be an abuse of the law, an act of confiscation, and not a valid exercise of the taxing power."

In *Wagner* v. *Leser,* 239 U. S., 207, 219, 60 L. Ed., 230, 237, the Supreme Court again referred to *Norwood* v. *Baker,* as follows:

"This, it was said in *French* v. *Barber Asphalt Paving Co.,* supra, was an abuse of the law and an act of con fiscation, and not a valid exercise of the taxing power."

In *Martin* v. *District of Columbia,* 205 U. S., 135, 139, 51 L. Ed., 743, 744, the Supreme Court said:

"Constitutional rights like others are matters of degree. To illustrate: Under the police power, in its strict sense, a certain limit might be set to the height of buildings without compensation; but to make that limit five feet would require compensation and a taking by eminent domain. So it might be that a form of assessment that would be valid for paving would not be valid for the more serious expenses involved in the taking of land. Such a distinction was relied on in *French* v. *Barber Asphalt Paving Co.,* 181 U. S., 324, 344, 45 L. Ed., 879, 21 Sup.

Ct. Rep., 625, to reconcile the decision in that case with *Norwood* v. *Baker*, 172 U. S., 269, 43 L. Ed., 443, 19 Sup. Ct. Rep., 187.''

Referring to statutes authorizing assessments on the frontage plan, the Supreme Court of Massachusetts, in *Corcoran* v. *Cambridge*, 199 Mass., 5, 85 N. E., 155, 18 L. R. A., 187, 190, said:

''In *Stark* v. *Boston, ubi supra,* it is said that the statute, although it does not say so in terms, 'requires that the assessments shall be founded on special and peculiar benefits only, and shall be reasonable and proportional.' In *Cheney* v. *Beverly,* 188 Mass., 81-85, 74 N. E., 306, 308, the court says of Rev. Laws, chapter 49, section 5: 'We are of opinion that the statute should be construed as if it contained the words' but in no case shall an assessment be made that exceeds the special benefit received by the estate assessed.'' We are of opinion that there is the same implication in Revised Laws, chapter 26, sections 26, 27.

''It follows that, while full effect must be given in all ordinary cases to the legislative determination that an assessment by the front foot, where the conditions are similar, is as nearly proportional and equal as is reasonably practicable, if it appears that an assessment made in that way will impose upon any property a liability substantially in excess of the special benefits conferred, such an assessment cannot lawfully be made.''

It has often been said in decisions dealing with the question of special assessments that mathematical or exact quality between the assessment and the benefits conferred is not required. But if an assessment made upon the front foot method, which does not afford the lot owner a preliminary hearing on the question of benefits,

should grossly or in a substantial measure exceed the benefits conferred upon the lot assessed, the assessment would amount to an abuse of the law or an act of confiscation, which, under the procedure of this State, could be asserted to defeat the assessment, on a hearing in the circuit court to review the action of the assessing board under the writ of *certiorari*.

Bearing in mind the principles contained in the foregoing authorities, we are of the opinion that the Charter provisions of the city of Nashville authorizing the cost of the acquisition of property to be included in assessments apportioned among abutting lots or parcels of land according to their frontage on the improvements, are not unconstitutional as authorizing the taking of proprety without due process of law, because in each instance the application of the power thus conferred upon the city may be defeated, as in the case of *Norwood* v. *Baker*, if the facts of the case show an abuse of the law or an act of confiscation arising from the fact that the amount assessed is grossly disproportionate to the benefits conferred.

There is no averment in the petition for *certiorari* in the present case that the total assessment made on the property of the defendant in error exceeded in any degree the benefits conferred and received; and there is, therefore, no basis for a contention in the present case that the assessment complained of was an abuse of the charter authority of the city on account of an excess in the assessment over the special benefits received.

It is urged on the brief of the defendant in error that no part of the cost of the acquisition of property necessary to the widening of the street could be included in the assessment on the property of the defendant in er-

ror, because the street was not widened at any point op-posite the property of defendant in error; and for this contention the opinion of this court in *City of Memphis* v. *Hill*, 141 Tenn., 250, is cited.

This contention was not made in the petition for *certiorari*, and it does not appear from the record that it was urged upon the court during the trial below. The judgment of the Circuit Court affirmatively appears to have been rested upon the contentions made in the petition for *certiorari;* and, therefore, if this proposition was properly presented in that court it was decided adversely to the defendant in error. The appeal in error is by the city, and only questions decided adversely to the plaintiff in error can be reviewed on such an appeal. *State* v. *Willis,* 130 Tenn., 403, 407.

If the question is properly made, we are of the opinion that it cannot be sustained. The facts of the present case are clearly distinguishable from those to which the holding in the *City of Memphis* v. *Hill, supra,* was applied. The weight of the evidence in the present case is that the improvement made included the length of Church street from Eighth avenue to the east end of the viaduct proper, including 104 feet of the frontage of the lot of the defendant in error. While it is true that the street was not widened in front of the property of the defendant in error, the margin of the street at that point was brought in and made uniform with the widened margin east of the property in question, and the grade of the street was changed and altered so as to eliminate the dip between the viaduct and Eighth avenue. We think it was proper for the city to include these separate features in one project and to treat them as a single improvement, for which a single assessment is made on all of the prop-

erty fronting on that part of the street included within the improvement. Especially is this true in the present case, in view of the fact that the weight of the evidence is that the improvement, including the widening of the street east of the property of the defendant in error, resulted in an increase in value of the lot of the defendant in error from $150 a front foot to $350 or $400 a front foot.

We are further of the opinion that the city was correct in construing the language of Sub-section 4 of Section 42 of the charter (Private Acts of 1923, Chapter 125), as referring to the assessed value for municipal taxes for the year in which the improvement is completed and the assessment made rather than for the year in which the improvement is ordered and begun. The language of the charter is that the assessment shall be made "after the completion of the work or·improvement," and in the same Sub-section it is provided that the total assessment on any lot or parcel of land "shall not exceed one-half of the assessed value of said lot for municipal taxes for the current year." Inasmuch as the city cannot make the assessment until the work is completed, we think it clear that the words "current year" mean the year in which the work is completed and the assessment made.

We have reached the conclusion, therefore, that the facts averred in the petition for *certiorari* and proven on the hearing fail to establish the invalidity of the assessment made on the property of the defendant in error.

The judgment of the circuit court will accordingly be reversed, and the suit dismissed at the cost of the defendant in error.