CITY OF NASHVILLE *v.* MRS. DELIA C. ROBERTS.

*(Nashville,* December Term, 1929.)

Opinion filed May 24, 1930.

Moore, Loser, Gilbert, Gleaves & Bailey, for plaintiff in error.

M. P. O'Connor and G. S. Moore, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Mrs. Delia C. Roberts, as the owner of real estate fronting on 21st Avenue, South, in the City of Nashville, filed her petition in the Circuit Court of Davidson County to review by *certiorari* an assessment made by the city upon her property on account of local improvements. The petition sought to purge from the assessment the cost of widening a section of 21st Avenue, South, included in the improvement for which the assessment was made. The remainder of the assessment was made up of the cost of paving the street. The circuit court awarded the petitioner the relief sought, and the city has appealed.

The judgment of the circuit court was grounded upon two propositions: (1) That the city had proceeded illegally and contrary to law in that its board of public works did not by resolution direct that the widening of the street be included in the proposed improvement, and did not, prior to final determination thereon, publish a notice that the widening of the street would be included in the proposed improvement for which assessments would be made, as required by the charter of the city; and (2) that the property assessed received no benefit from the widening of the street.

The Charter of the City of Nashville, Private Acts 1923, chapter 125, section 42, provides in subsection 1 that the Board of Public Works of the city shall have power and authority to improve streets, including widening, and to cause two-thirds of the cost to be assessed against property abutting on the street improved.

Subsection 2 provides that when such improvement is to be made the Board of Public Works shall adopt a resolution describing "the nature and extent of the work, the character of the material or materials to be used, the

location and terminal points," etc. It is provided that such resolution shall direct that detailed drawings and specifications shall be made by the City Engineer and placed on file in his office, where they may be subject to the inspection of interested property owners. It is also provided that notice of such resolution shall be given by newspaper publication for two weeks, and that "such notice shall state the character of such improvement or improvements, the location and terminal points thereof, and also the time and place not less than two weeks from the first publication of the notice, at which said Board shall meet to hear remonstrance or protests against the making of such improvement or improvements."

It is provided that all interested persons may appear in person, or by attorney, at such meeting, and protest against the making of the proposed improvement, and that the Board shall consider objections and protests, "and may confirm, amend, modify, or repeal such original resolution."

The resolution adopted by the Board of Public Works for the improvement of 21st Avenue directed only that the street should be "paved with asphaltic paving on macadam foundation, and that all necessary work and grading in connection therewith (including gutters, storm drainage, and such other work as is necessary to said improvement) be done." The notice published pursuant to this resolution referred only to the proposal to pave the street between Blakemore and Jones Avenues. No reference was made either in the resolution or in the notice to a proposed widening of the street.

The petitioner, Mrs. Roberts, was not averse to the proposal to pave the street under the assessment plan, and had no information that the cost of widening would

be included in the assessment, until after the improvement had been completed and the amount of the several assessments made known to the property owners. No part of petitioner's property was taken for the widening of the street, the street having been previously made the requisite width in the block in which her property was situated. She did not appear before the Board of Public Works at the hearing held after the completion of the work, when the assessments were made final.

It is provided by subsection 6 of said section 42 of the Charter Act that if no objection to the *pro rata* assessment or the amount thereof is filed at the hearing for the final confirmation of the assessments, the property owners shall be held to have consented to same and forever barred to attack the regularity, validity or legality of such assessment.

This provision of subsection 6 of the Charter was considered in *City of Nashville* v. *Madison Park Land Co.*, 155 Tenn., 382, 388, wherein it was held that the landowners are not thereby cut off from attacking by *certiorari* an assessment which is void because "the assessing body, the Board of Public Works, acted illegally and in excess of the authority conferred upon it by the statute." This proposition, we think, is supported by the cases there cited.

We concur in the holding of the learned circuit judge that the Board of Public Works acted illegally and in excess of the authority conferred upon it by the Charter Act, when it included in the assessment made upon abutting property the cost of an improvement not described or referred to in its resolution ordering the improvement, nor in the notice published pursuant to such resolution, contrary to the express provision and requirement of the charter.

█ The power to assess all or a portion of the cost of a local improvement against property deemed to be specially benefited thereby is one which is subject to great abuse; and while the constitutionality of such power has been recognized by this court since *Arnold* v. *Knoxville,* 115 Tenn., 225, we deem it essential to the protection of the property rights of citizens that legislative directions as to the manner of its exercise shall be substantially followed.

█ By the restrictions and limitations of subsection 2 of section 42 of the Charter Act the legislature had withheld from the city the power to assess the cost of an improvement upon abutting property except when such improvement shall have been finally ordered after the adoption of a resolution and the publication of a notice describing the nature, extent and character of the improvement for which such assessments are to be made, and a public hearing pursuant to the notice at which interested property owners may be heard in protest. To sustain an assessment as within the power and authority of the Board of Public Works, without compliance with these conditions precedent to the exercise of such power, would be to emasculate and render nugatory provisions which the legislature deemed necessary to the protection of private property rights.

It is obvious that the rights of property owners would not be as fully protected by a hearing and opportunity for protest after the completion of an improvement as by a hearing and protest before the doing of the work and the incurring by the city of the cost therefor. For the Board of Public Works to sustain the protest of property owners in advance would result only in the abandonment or postponement of the improvement, while to sustain such a protest after the completion of the

improvement would be to cast the expense and cost thereof upon the general revenues of the city. It is contemplated by the statute that the property owners shall have the right to be heard by the officials of the city who shall not be subject to the influence of the latter alternative.

It is contended for the city that the defect in the resolution and notice was substantially supplied by the fact that the drawings and specifications prepared by the City Engineer, and on file in his office, contained and included the proposed widening of the street. This, however, was not a substantial compliance with the statute, which required that the published notice should "state the character of such improvement or improvements." The petitioner was satisfied that improvements of the character stated in the published notice should be made, and had no incentive or need to inspect the drawings and specifications in the office of the City Engineer. She was entitled to rely upon the protection of the statute which provided that no improvements would be made at her expense except those of the character stated in the published notice, and was relieved by this statutory requirement of any necessity to go to the office of the City Engineer and ascertain that improvements of other character would not be included in her assessment.

The petitioner was entitled to have the assessment purged of the cost of widening the street, upon her showing that the inclusion of such cost in the assessment by the city was illegal and beyond the authority conferred upon the city by law. It is, therefore, unnecessary that we consider the further contention that this portion of the assessment was void because petitioner's property received no benefit from the widening of the street.

The judgment of the circuit court will be affirmed, upon the ground stated.