STATE OF TENNESSEE, *ex rel.*, *et al.*, *v.* AMERICAN TRUST
Co., *et al.*

(*Knoxville.* September Term, 1930.)

Opinion filed December 13, 1930.

L. D. Smith, Attorney-General, Roy H. Beeler and R. E. Maiden, for complainants, appellants.

John J. Vertrees and Wm. O. Vertrees, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

The bill in this cause was filed by the State of Tennessee, on relation of Charles M. McCabe, Commissioner of Finance and Taxation, and Charles M. McCabe, Commissioner of Finance and Taxation for Tennessee, to recover from the estate of V. E. Shwab an inheritance tax of $21,302.15, in addition to that previously assessed and collected.

The cause was heard upon a stipulation of facts. The chancellor dismissed the bill, and complainants have appealed and assigned errors.

V. E. Shwab died testate November 2, 1924. His estate was appraised by the county court clerk on May 6, 1925, for the purpose of fixing the amount of the State inheritance tax. After making deductions which he deemed lawful and proper, he fixed the fair net market value at $3,025,656.23, and the inheritance tax due and payable thereon at $133,458.57, which was paid by the executors on that day.

In computing the State tax the clerk deducted the Federal estate tax of $426,043.54. If this was erroneous, the State tax should have been fixed at $154,760.62 instead of $133,458.47, or $21,302.15 more than was demanded and paid.

The clerk gave the State officials due notice of his actions in the premises, and was instructed by them to reappraise the estate so as to include the Federal tax, which he declined to do. The State took no further action in the matter until the bill herein was filed on October 31, 1929.

The Inheritance Tax Law, chapter 46, Public Acts of 1919, imposes upon county court clerks the duty of ascertaining as soon as practicable after the death of a person the clear market value of his estate, and to fix the amount of the tax due thereon. Section 5 of the act provides, in substance, that the county court clerk shall reduce his findings to writing and file the same, which shall have the full force and effect of a judgment determining the amount of such tax. Thereafter, and within ten days after rendering same, he shall forward to the Comptroller of the Treasury a full report of his action in the premises, including a copy of the judgment. Notice shall likewise be given to other interested parties. The action of the clerk in appraising the property and determining the amount of the tax shall be final unless within sixty days exceptions are filed to the report. If exceptions are filed, provision is made for the appointment of appraisers who shall value the estate and fix the tax due thereon. An appeal lies from their findings to the Railroad Commission.

From the foregoing it will be observed that on July 6, 1925, the judgment fixing this tax became final, and no

provision is contained in said act authorizing an appeal to the courts. While the procedure outlined in said act, with respect to a dissatisfied party, is clear and specific, the State did not pursue the remedy provided therein.

It is well settled that "The writ of *certiorari* may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Shannon's Code, sec. 4853; *City of Nashville* v. *Land Co.*, 155 Tenn., 388; *State ex rel.* v. *Cement Co.*, 151 Tenn., 53; *Carriger* v. *Morristown*, 148 Tenn., 585; *Staples* v. *Brown*, 113 Tenn., 639.

Since complainants did not elect to pursue this remedy, it is unnecessary to decide whether, there being only a legal question involved, it would have been effective without first having filed exceptions to the clerk's report and otherwise followed the procedure outlined in the act.

The real question involved is, by what authority was the bill herein filed? Counsel for the State rely upon section 14 of the act, the pertinent part thereof being as follows:

"That the Comptroller of the Treasury shall be vested with absolute and exclusive jurisdiction over the collection of all taxes provided for in this Act after the expiration of one year from the date of the death of the person from whom the tax is derived, but that the tax itself shall be paid to the County Court Clerk, except as hereinafter provided.

"Said Comptroller of the Treasury is vested with full and complete authority to sue in the name of the State, or to intervene in any case pending, wherein the estates

of decedents are being administered, for the collection of such taxes after the expiration of twelve months, whether the payment of said tax be delinquent or whether its collection has been postponed by reason of litigation, or other cause of delay, or whether for any reason no appraisal has theretofore been made; . . .

"All suits or intervening proceedings brought by the Comptroller as above provided may be, at the option of the Comptroller, based upon the appraisement, if such has been made in accordance with the previous provisions of this Act, or he may apply to the court in which the suit is brought to fix and determine the amount of the tax where no appraisement has been made, or without reference to any appraisement that may have been made, the taxpayer forfeiting the benefits of the appraisement for his failure to make payment before the tax became delinquent."

The foregoing provision clearly relates to a case where no appraisal has been made within a year, or if made, the tax has not been paid within that period. Here the appraisal was made and the tax paid within the year.

It should be stated that the duties conferred upon the Comptroller in the Act of 1919 were transferred to the Commissioner of Finance and Taxation by chapter 7, Acts of 1923.

We conclude, therefore, that the judgment of the county court clerk was final, and that complainants were without authority to bring this suit. Taking this view of the controversy, it becomes unnecessary to determine whether the clerk was in error in deducting the Federal tax in arriving at the clear market value of this estate. The decree of the chancellor will be affirmed.