THE PRESS, INC., *v.* WASHINGTON COUNTY *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed January 9, 1943.

J. L. STERN, of Bristol, and VINES, HAWKINS & BRYANT, of Johnson City, for plaintiff in error.

ROY H. BEELER, Attorney-General, JOHN HEISKELL and HARRY PHILLIPS, Assistant Attorneys-General, and R. M. MAY, of Jonesboro, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The question for decision is whether or not the circuit court of Washington County has jurisdiction to review on *certiorari* the assessments for taxation made by the State Board of Equalization on the real and personal properties of plaintiff in error located in Washington County. The circuit judge sustained defendants' plea in abatement to the jurisdiction of the court and dismissed the petition. From this action of the trial judge, petitioner has appealed in error to this court.

The substance of the petition for *certiorari* was that the Washington County Board of Assessment assessed the real estate of petitioner, for taxation, at $28,000 and its personalty at $57,000; that the State Board of Equalization assessed the real estate at $28,000, and the personalty at $35,000; that the assessment by the State Board and the County Board is wholly erroneous in these particulars, viz.: That the assessment of the real estate is not based upon the actual cash value of the property assessed; that the assessment does not show on its face the description of the property and the actual cash value of the land and improvements; that the assessment was not uniform and equal to the assessment of adjacent property; that the assessment against the personalty was not on the basis of stock at its actual cash value, including the bonds of the corporation. By amendment to the

petition it was averred that the action of the State Board of Equalization was void in that the members of the Board were exercising judicial and executive power in violation of Article 2, sections 1 and 2 of the Constitution of Tennessee; that petitioner has been denied protection of the due process clauses of the State and Federal Constitutions, in that it has not had a hearing before a competent court, if the Board was not exercising judicial powers.

Section 1456 of the Code makes it the duty of the State Board of Equalization ''to equalize during its session the assessments of all properties in the state'' and ''The action of the state board shall be final and conclusive as to all matters passed upon by said board, subject to judicial review.''

In *Briscoe* v. *McMillan,* 117 Tenn., 115, 100 S. W., 111, it was held that the State Board of Equalization is a *quasi* court of record, and for irregularity in procedure, the remedy is by *certiorari* to a court of law.

Section 343(58) of the Code provides that the State Board of Equalization shall consist of the governor, the treasurer, the secretary of state, the commissioner of administration and commissioner of finance and taxation; that the governor shall be the chairman of the board, and the commissioner of finance and taxation, or one of his subordinate officers shall act as secretary; that written minutes of each meeting and all actions of the board shall be prepared by the secretary and shall be kept on file, open to public inspection, in the department of finance and taxation. (Ch. 33, sec. 52, Public Acts 1937).

Section 1448 provides that the State Board ''shall meet at the office of the commissioner of finance and taxation, annually on the second Monday in August;''

that the commissioner of finance and taxation shall make an annual report to the board; that it shall be the duty of the board to sit for a portion of its time in the western and eastern divisions of the State, in addition to its session at Nashville, such other points to be designated by the board, and publication of such times and places to be made through the press.

Section 1450 provides that any taxpayer is entitled to a hearing and determination of any complaint he may make on the ground that other property than his own has been assessed at a less percentage of actual cash value than his own property, or that his own property has been assessed at more than its actual cash value; but "such complaint shall be specific, in writing, and sworn to and filed with said board at least ten days before the adjournment of the annual session."

Section 1455 provides that the board shall carefully consider all of the evidence before it, and determine all questions submitted upon its merits, and shall make a record of its actions in equalizing the assessments, showing corrections and changes in assessments, such changes to be entered on the official certificates to the county court clerks, and it shall be the duty of said clerks to make correct entries of all such changes made by the board upon the tax books of their respective counties before the same are delivered to the county trustees.

We think the legal *situs* of the State Board of Equalization is at Nashville, Davidson County. The annual sessions of the board are required to be held in the office of the commissioner of finance and taxation, which is located in Nashville. The minutes of the board showing all of its actions are required to be kept on file, open to public inspection, in the department of finance and taxation. Its actions, having the force and effect of

judicial determination, are reflected by its minutes and the records it is required to keep. It is a *quasi* court sitting in Davidson County. It is true that the board in addition to its sessions at Nashville shall, upon published notice, sit for a portion of its time at points in the western and eastern divisions of the State, but the minutes of all of its sessions, and its records are kept in Nashville in the department of finance and taxation.

The sessions of the board held in the western and eastern divisions of the State are for the convenience of the taxpayers in such localities. Hearing may be had at such points, but the judgments of the board are pronounced at Nashville. The board speaks through its minutes, as is the case with all courts, or *quasi* judicial tribunals of record.

In *State ex rel. Vance* v. *Dixie Portland Cement Co.*, 151 Tenn., 53, 267 S. W., 595, 596, the bill was filed to recover, on behalf of the State and County, a balance of $20,199.99 appearing on the tax books of Marion County. The appeal was from a decree awarding a fee to certain revenue agents as compensation in the delinquent tax case. The Cement Company contended that the tax assessment was illegal and a proceeding was pending in the circuit court of Davidson County to review, by *certiorari,* the action of the state board when the tax bill was filed. It was insisted that the assessment was incomplete and no charge could be entered upon the tax books until the questions presented upon the petition for *certiorari* were determined by the circuit court. It was held that, "The circuit court of Davidson county had jurisdiction to review the action of the state board of equalization, and to set aside their decision, if found illegal." And "There could be no recovery of the taxes pending the action in the circuit court of Davidson county

to review the assessment.'' The decree of the chancellor was reversed.

■ The decision of this court in the *Dixie Portland Cement Case* in holding that the circuit court of Davidson County had jurisdiction to review the action of the State Board of Equalization and set aside their decree, if found illegal, is decisive of the question of jurisdiction here involved.

■ It is sought by plaintiff in error to draw a distinction between the writ of *certiorari* guaranteed by the Constitution of Tennessee, Art. 6, sec. 10, and the common law and statutory writs of *certiorari*. This question is irrelevant to the decision of the instant case because regardless of the nature of the writ of *certiorari* sought, the circuit court of Washington County was without jurisdiction to grant the writ to review the action of the State Board of Equalization, a *quasi* court having its *situs* in Davidson County.

*Tomlinson* v. *Board of Equalization*, 88 Tenn., 1, 12 S. W., 414, 6 L. R. A., 207, is relied on by plaintiff in error. In that case *certiorari* was sought by *certiorari* to the circuit court of Grainger County to review the assessment for taxes made by the County Board of Equalization of that County. The case is not in point.

The petition for *certiorari* in the instant case is not one seeking to quash a distress warrant for delinquent taxes because void on its face; but is one seeking to correct alleged errors of the State Board of Equalization.

The circuit court of Washington County not having jurisdiction to grant the *certiorari* prayed for, it follows that it did not have jurisdiction to pass upon the constitutional question sought to be made by the petition.

Our conclusion is that the judgment of the trial court in dismissing the petition for *certiorari* must be affirmed. Plaintiff in error will pay the costs incurred in this court.