## H. M. MASON v. CITY OF NASHVILLE.*

### (*Nashville.* December Term, 1926.)

Opinion filed March 26, 1927.

**1. CONDEMNATION. Municipal corporation. Leasehold.**

A leasehold estate is property for which compensation must be paid, when it is appropriated under the law of eminent domain (sections 1387-1391, Code 1858, Shannon's Code, secs. 1981-4.) (Post, p. 263.)

Citing: Culcough v. Nashville & Northwestern R. Co., 2 Head (39 Tenn.), 171-176; Railroad v. Hunton, 114 Tenn., 609; Railroad v. Cooperage Co., 116 Tenn., 594-621-622; Chattanooga & Tennessee River Power Co. v. Lawson, 139 Tenn., 354, 375.

Citing and distinguishing: Post v. Brown, 142 Tenn., 307.

**2. SAME. Same. Same.**

A tenant for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the property leased is taken by eminent domain during the term of the lease. (Post, p. 264.)

Citing: Ruling Case Law, Vol. 10, p. 135 (sec. 119); Carrigon v. Chicago, 114 Ill., 537, 33 N. E., 746, 21 L. R. A., 212; Pause v. Atlanta, 98 Ga., 92, 58 Am. St. Rep., 290, 26 S. E., 489; Bales v. Wichita Midland Valley Railroad Co., 92 Kan., 771, L. R. A., 1916C, 1090, 141 Pac., 1009; Des Moines Laundry v. Des Moines, 197 Iowa, 1082, 34 Am. L. Rep., 1517; Dallas County v. Hart Bros. (Tex. Civ. App.), 271 S. W., 408.

**3. SAME. Same. Same. Lease of upper story of a building is realty.**

A lease of an upper story of a building vests in the lessee an estate or interest in the building. Such interest is not personalty, but an

---

*As to rights of tenants and revisioners of property taken by eminent domain, see annotation in 21 L. R. A., 212; 2 A. L. R., 786; 10 R. C. L., 135; 2 R. C. L. Supp., 978; 6 R. C. L. Supp., 599.

interest in real estate, and contracts therefor are governed by the
law pertaining to real estate.   (Post, p. 263.)

Citing: Code 1858, sec. 51, Shannon's Code, sec. 63, and authorities
there cited; Board of Levee Commissioners v. Johnson, 66 Miss.,
248, 6 So. Rep., 199; Baker et al. v. State (Court of Claims of
New York), 66 Misc. Rep., 549, 118 N. Y. Sup., 618.

4. **SUPREME COURT PRACTICE. Review of action of trial court.**
No errors can be corrected in this court except those committed
against the party prosecuting the appeal in error or writ of error.
(Post, p. 261.)

Citing: State v. Willis, 130 Tenn., 403, 407.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2598; 2. Eminent
Domain, 20 C. J., section 288; 3. Landlord and Tenant, 35 C. J., section
47; 4. Eminent Domain, 20 C. J., section 194.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County, to
Court of Appeals and to Supreme Court by transfer.—
HON. A. G. RUTHERFORD, Judge.

BYRD DOUGLAS, for Mason.

A. G. EWING, JR., for City.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

By ordinance duly adopted the city of Nashville made
provision for the widening of Church street, westward
from the intersection of Church street and Eighth ave-
nue.

The plaintiff in error, H. M. Mason, occupied the second
story of a building located at the southwest corner of
said street intersection, by lease from the owner.   No-

tice was given to Mason, by the proper officers of the city, that a portion of said building had been condemned in order that the street might be widened, and that he would be required to deliver possession of his leased premises within ten days from the receipt of the notice.

Mason complied with the terms of the notice by vacating the premises, and thereafter commissioners were appointed by the city, under the terms of its charter, which adopted the procedure outlined in Sections 1387-1391 of the Code of 1858 (Shannon's Code, Sections 1981-1984), who were directed to examine the premises and assess the damages to which the owners of property condemned were entitled.

These commissioners reported that the plaintiff in error was entitled to no damages for the condemnation of his leasehold, and the report of the commissioners was adopted and approved by ordinance of the city council.

Thereafter the plaintiff in error filed a petition in writing in the Circuit Court of Davidson County, with certified copies of said proceedings and ordinances of the city attached thereto as exhibits; the prayer of the petition being that the petition be treated and filed as the appeal of the plaintiff in error, and that a copy thereof should be served upon the city of Nashville for answer. The judge of the Circuit Court issued a *fiat* for the filing of the petition and for the issuance of process against the city.

The city made several motions to dismiss the appeal, for lack of jurisdiction, because the appeal was filed after the time allowed by law, etc., which several motions were overruled.

The case came on to be heard on its merits at the February term, 1926, of the Circuit Court, whereupon a plea

of not guilty was interposed by the city, and a jury was impaneled to try the issues joined.

After the jury had been impaneled the petition for the appeal and the exhibits thereto were read to the jury, and thereupon counsel for the plaintiff in error and for the city agreed in open court to stipulate as to certain material facts. The stipulation resulted from statements and counter-statements of counsel in open court, and the substance of the stipulation is set out on the brief filed for the city as follows:

"In lieu of the introduction of witnesses it was stipulated by the parties:

"1. That the exhibits to the petition for *certiorari* might be read in lieu of certified copies of the proceedings in the City Council.

"2. That there was six feet taken off of the north side of the Luck building from end to end; that Mr. Mason occupied the second floor, that is upstairs; that he had no interest in the first floor or any other floor; that it was a two story building; that he had no interest downstairs or in the basement; that the cutting off of this area to the north side of the building completely destroyed and rendered totally unusable the premises as a leasehold to Mr. Mason; that his leasehold was completely destroyed, and that he could not use it any further; that the steps or staircase had to be removed to widen Church street, and that the staircase or steps subsequently put in the back of the building which of itself totally destroyed the leasehold of Mr. Mason. Mr. Mason had the said second story rooms fitted up for a photographer's studio, and that the entire leasehold estate of H. M. Mason was taken by the city and that Mr. Mason was completely knocked out; that is, the whole leasehold was destroyed by the taking of the property by the city."

After the foregoing stipulation had been made counsel for the city and the learned trial judge engaged in a colloquy as to the legal question involved in the suit, and counsel for the city stated his position to be that since the entire leasehold of the plaintiff in error was taken by the city, the lease was terminated by the condemnation, and that the compensation paid to the owner of the fee included compensation for the leasehold. Thereupon, without any evidence having been introduced by either party, other than the stipulation above referred to, counsel for the city made a motion for a directed verdict. The motion contained three grounds, all of which were in effect that because the entire leasehold was destroyed and terminated by the condemnation, the plaintiff in error had no further interest in the property condemned, and, therefore, was not entitled to recover anything for the taking of his leasehold.

The merits of this motion were then argued by counsel, and the trial judge indicated that he would grant the motion when counsel for the plaintiff in error asked that he be permitted to introduce his evidence before the motion was ruled upon, stating that he thought his client entitled to state his case and get his facts in the record. Objection was made by counsel for the city and the objection was sustained. Counsel for the plaintiff in error then questioned the procedure of a motion for a directed verdict before the introduction of proof, and called attention to the fact that the only proof offered was the stipulation that the plaintiff in error had been ousted from his place. The trial judge ruled that the case presented only a question of law and not a question of proof or fact, and that the stipulation had presented all the facts necessary to the determination of the legal

question involved. The final ruling of the trial judge was as follows:

"I am not sure I am right now, but after listening to repeated arguments of two very able and persuasive lawyers and decisions from the law books, I am constrained to believe there is nothing here but a legal question; that condemnation can only be resorted to for the purpose of recovering compensation for a fee estate and cannot be resorted to for the purpose of acquiring personal property."

Verdict for the city was then entered under the direction of the trial judge, and after a motion for a new trial had been made and overruled, the plaintiff in error, Mason, prayed and was granted an appeal in the nature of a writ of error to the Court of Appeals, and the case was transferred by that court to the Supreme Court.

In reply to the assignments of error made by Mason in this court the city urges the merits of its several motions to dismiss the appeal in the Circuit Court. The action of the trial judge in overruling these motions cannot be reviewed on this appeal for the reason that the case is here only on the appeal in the nature of a writ of error prosecuted by Mason, and there is no appeal by the city.

"No errors can be corrected in this court except those committed against the party prosecuting the appeal in error or writ of error." *State* v. *Willis*, 130 Tenn., 403, 407, and cases there cited.

In view of the fact that the party against whom the directed verdict was rendered had not closed his case nor introduced his evidence at the time the motion for a directed verdict was made, the procedure followed in the trial court was unusual and requires interpretation.

In sustaining the motion for a directed verdict the trial judge stated the question on which he passed as being "nothing here but a legal question; that condemnation can only be resorted to for the purpose of recovering compensation for a fee estate and cannot be resorted to for the purpose of acquiring personal property."

It appears, therefore, that the learned trial judge treated the motion for a directed verdict as being in effect a demurrer to the petition for appeal aided by the facts stipulated. He conceived that no evidence could be introduced which would entitle Mason to a judgment against the city, for the reason that the leasehold estate, described in the petition for appeal and stipulation, was not an interest in the land condemned, but was merely personal property, and, therefore, could not be the subject of condemnation under the law of eminent domain. Therefore, the trial judge was of the opinion that Mason could not recover compensation for the destruction of his leasehold estate in the condemnation proceeding.

*Post* v. *Brown,* 142 Tenn., 307, seems to support the proposition urged by the city that the destruction of the property leased by Mason, in the widening of the street, operated to terminate the lease and to relieve the lessee from the obligation to pay rent to the owner after his eviction under the condemnation proceeding.

It does not follow, however, that the lessee is to be denied any right to recover damages from the condemnor for the destruction of his leasehold estate. If the value of the unexpired portion of the lease term was not in excess of the rent which the lessee would have been required to pay but for the condemnation, it is apparent that the release from the obligation to pay further rent would offset the damage to the lessee, and no recovery could be awarded him; but we are of the opinion that

the lessee would be entitled in such a case to recover of the condemnor any excess in the value of his unexpired leasehold over and above the rental charges from which the lessee is released by his eviction.

Our own cases support the proposition that a leasehold estate is property for which compensation must be paid when it is appropriated under the law of eminent domain. *Culcough* v. *Nashville & Northwestern R. Co.*, 2 Head (39 Tenn.), 171, 176; *Railroad* v. *Hunton*, 114 Tenn., 609; *Railroad* v. *Cooperage Co.*, 16 Tenn., 594, 621-622; *Chattanooga & Tennessee River Power Co.* v. *Lawson*, 139 Tenn., 354, 375.

In Ruling Case Law under the title "Eminent Domain," vol. 10, p. 135 (sec. 119), the rule is stated:

"It is also well settled that a tenant for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the property leased is taken by eminent domain during the term of the lease."

There seems to be no dissent from the general principle thus stated. Cases typical of the holding in other jurisdictions are *Corrigan* v. *Chicago*, 144 Ill., 537, 33 N. E., 746, 21 L. R. A., 212; *Pause* v. *Atlanta*, 98 Ga., 92, 58 Am. St. Rep., 290, 26 S. E., 489; *Bales* v. *Wichita Midland Valley Railroad Co.*, 92 Kan., 771, L. R. A. 1916C, 1090, 141 Pac., 1009; *Des Moines Laundry* v. *Des Moines*, 197 Iowa, 1082, 34 Am. L. Rep., 1517; *Dallas County* v. *Hart Bros.* (Tex. Civ. App.), 271 S. W., 408.

It is contended for the city that because Mason's lease was only for the second story of the building on the land condemned, Mason had no such interest in the land itself as to render his leasehold subject to the condemnation proceeding.

We have not been able to find any direct authority on this proposition, and none has been cited by counsel.

In *Bales* v. *Wichita Midland Valley Railroad Co.,* supra, the leasehold condemned was referred to in the syllabus as ''consisting of a room used by the lessee for public purposes,'' and compensation was awarded, but the opinion states that on the appeal the only question presented was whether the district court had applied the correct measure of damages.

In *Strickland* v. *Pennsylvania Railroad Co.,* 154 Pa., 348, 21 L. R. A., 224, land occupied by a market house was taken by eminent domain, and the lessee of a stall in the market house brought his action to compel payment of his damages. Conpensation was denied on the theory that the lessee of the stall had no right to the ground covered by his stall, as ground, nor any estate in the building which would enable him to recover his stall by an action of ejectment if he were wrongfully put out of possession. The court construed the lease as giving to the holder only a license to sell at the particular stall assigned or let to him, in such manner, on such days, and subject to such regulations as the municipality might direct or provide, and not otherwise.

We do not think, however, that the holding in *Strickland* v. *Pennsylvania Railroad Co.,* supra, is controlling in the present case. A lease of an upper story of a building does vest in the lessee an estate or interest in the building. Such an interest is not personalty but is an interest in real estate, and contracts therefor are governed by the law pertaining to real estate. Section 51, Code 1858, Sec. 63, Shannon's Code, and cases there cited.

Authorities in other jurisdictions, some of which have been cited hereinabove, hold that the compensation which must be paid by the condemnor for a tract of land con-

demned cannot be increased because of the existence of a lease for years outstanding and unexpired at the time of the condemnation, and that the aggregate compensation awarded the owner and the lessee cannot exceed the value of the fee unincumbered. This principle does not, however, deprive the lessee of a right to seek compensation directly from the condemnor in his own name and right; and certainly is this true in the present case since the record discloses that the city appointed commissioners with direct reference to the leasehold of the plaintiff in error, and thereby treated this leasehold as an interest to be compensated separately and apart from the interest of the owner of the land on which the leased property was located. On this record the plaintiff in error was entitled to offer his evidence as to the value of his lease taken by the city, and was entitled to recover whatever compensation his proof established. *Board of Levee Commissioners* v. *Johnson,* 66 Miss., 248, 6 So. Rep., 199; *Baker et al.* v. *State* (Court of Claims of New York), 66 Misc. Rep., 549, 118 N. Y. Sup., 618.

We have not intended to deal in any manner with the measure of damages involved in this case, nor with the elements of value proper to be considered in determining the value of the leasehold condemned. The only question before us on this appeal is the right of the plaintiff in error to recover any damages which he may be able to prove by competent evidence. It is our conclusion that the leasehold estate of the plaintiff in error was property taken by the city under its power of eminent domain, and that the trial judge was in error in holding that plaintiff in error was not entitled to recover his damages in the condemnation proceeding.

The judgment of the Circuit Court will accordingly be reversed and the case remanded for further proceedings not inconsistent herewith.