CITY OF NASHVILLE v. H. M. MASON.

Middle Section. February 17, 1930.

Petition for Certiorari denied by Supreme Court, May 24, 1930.

A. G. Ewing, of Nashville, for plaintiff in error, City of Nashville.
Byrd Douglas and Eugene T. Hollins, both of Nashville, for defendant in error, Mason.

CROWNOVER, J. This suit was an eminent domain proceeding for the purpose of widening Church Street in the City of Nashville, in accordance with an ordinance of the city under the terms of its charter, which charter adopted the procedure outlined in Shannon's Code, sections 1981 to 1984. This condemnation proceeding resulted in the destruction of Mason's leasehold interest in three rooms in the second story of a building owned by the Luck heirs and used by him for a photograph gallery.

The case was tried by the Circuit Court in 1925 and resulted in a directed verdict for the city, on the theory that a lessee under a verbal lease cannot recover damages in a condemnation proceeding. Mason appealed in error to the Supreme Court and the case was disposed of by that court in a written opinion styled, Mason v. City of Nashville, in 155 Tenn., 256, 291 S. W., 1074. The Supreme Court held that a leasehold is property, for which compensation must be paid when it is appropriated under the law of eminent domain. The case was originally tried in the Circuit Court upon the pleadings and agreed state of facts made in open court, on which the court directed a verdict. The Supreme Court held that the procedure followed by the trial court was unusual and required interpretation, and under the peculiar procedure and facts of this case the motion for a directed verdict was "in effect a demurrer to the petition for appeal (from the verdict of the jury of view) aided by the facts stipulated," which the lower court should have overruled, and the Supreme Court reversed the judgment and remanded the case for further proceedings.

The case was again tried on February 25, 1929, by the court and a jury, on oral evidence, and again the city moved for a directed verdict, because, (1) there was no evidence to support a verdict, as defendant had failed to prove that he had a lease, and (2) because the lease was not in writing and the defendant was merely a tenant from month to month, at will. The motion was overruled and the jury returned a verdict of $1000. Upon motion, interest was allowed on said verdict from August 1, 1924, amounting to $277.50, and a judgment was rendered for $1277.50 in favor of Mason. The city's motion for a new trial was overruled, and it has appealed in error and has assigned errors.

The first two assignments of error are to the effect that the court erred in overruling the city's motion to dismiss Mason's appeal made before the case was originally tried in the Circuit Court in 1925. The City, on May 11, 1925, filed a motion to dismiss Mason's appeal, (1) because there is no appeal from a non-judicial body, and, (2) there was no appeal prayed, or granted, or appeal bond filed with the city. This motion was overruled by the court, and on June 22, 1925, the city again moved the court to dismiss Mason's appeal, because it came too late. These same propositions were raised by the city

on the first appeal, but the Supreme Court held that no errors can be corrected in that court except those committed against the party prosecuting the appeal in error, and as the city had not appealed, the propositions could not be entertained.

It is insisted by Mason that the city should have appealed in error on those propositions and have assigned errors on the first appeal, but as it did not do so, it waived them.

We do not think that the city waived these propositions by not raising them on the first appeal.

It is true that where a proposition is decided against the party who is successful in the lower court, on appeal in error in law cases the Supreme Court will only correct errors committed against the party prosecuting the appeal in error. Gallena v. Sudheimer, 9 Heisk., 191; Jones v. Ducktown, 109 Tenn., 375, 383, 71 S. W., 821; State v. Willis, 130 Tenn., 407, 170 S. W., 1030; Barnes v. Noel, 131 Tenn., 134, 174 S. W., 276; Yarbrough v. Yarbrough, 151 Tenn., 226-7, 269 S. W., 36; Mason v. City of Nashville, 155 Tenn., 261, 291 S. W., 1074; City of Nashville v. Land Co., 155 Tenn., 395, 293 S. W., 533.

Where the successful party has obtained full relief in the court below in law cases, the appellate courts will not pass upon his appeal if the question is a mere abstraction. State ex rel. v. Waggoner, 88 Tenn., 290, 12 S. W. 721.

But in law cases, where an unsuccessful party has appealed in error, the successful party may also appeal in error on the propositions decided against him and may assign errors on the record where exceptions were properly preserved in the lower court. Most of the cases above cited held that the appellate court would not entertain errors assigned by the successful party where he did not appeal; hence we are of the opinion that the successful party may also appeal in error on propositions decided against him and may assign errors on the record where the exceptions to the errors were properly preserved in the lower court, as he is the party aggrieved on the propositions decided against him.

But, in this case, these propositions raised by the motion to dismiss the appeal were not properly brought before the Supreme Court and were not entertained by that court, then the question remains, can they now be brought to the attention of this court on appeal in error? We are of the opinion that they can be properly raised now. The Supreme Court merely passed on a demurrer, overruled the same and remanded the case, which had the same effect as if the lower court had overruled a demurrer. When the lower court overrules a demurrer, the parties do not waive any preliminary questions passed upon by the court where exceptions are properly preserved.

348

"The decree of that court in general terms simply reverses the decree of the Chancellor and the opinion and decree of this court, overrules the demurrer to the bill, and remands the cause to the chancery court for answer and further proceedings. No opinion was filed by the court giving the precise grounds upon which it based its action. The effect, therefore, of this decree is that the bill, taking its averments to be true, called for an answer. 'Ordinarily,' says the Supreme Court, 'a decree of this court overruling a demurrer and remanding a cause to be proceeded with is not an adjudication of anything more than that there is sufficient equity upon the face of the bill to require an answer.' Jourolmon v. Massengill, 86 Tenn., 90, 5 S. W., 721; Battle v. Street, 85 Tenn., 282, 2 S. W., 384; Rodgers v. Dibrell, 6 Lea, 69; Kirkpatrick v. Utley, 14 Lea, 97. It would seem, therefore, that upon answer and proof, and a second appeal to the Supreme Court, it could inquire into the legal sufficiency of any of the grounds of relief stated in the bill." Gordon v. Weaver, 53 S. W., 752-3.

"But if it appears from the opinion, and the manner in which the case was presented, that a particular question was not presented, or intended by the parties to be passed upon on the appeal, the court will not, on a subsequent appeal, be precluded from an examination of the question." Reynolds v. Brandon, 3 Heisk., 593."

It is further insisted by Mason that these motions should have been renewed at the last trial. We think there is nothing in this contention, as the court had already passed upon them and the order was entered at a former term of the court, and that court had no jurisdiction to again inquire into the order. Citizens Bank & Trust Co. v. Bayles, 153 Tenn., 40, 281 S. W., 932.

Hence, we are of the opinion that these motions were not waived, for the reasons stated, and are now properly before us, but we are of the opinion that they have no merit.

As before stated, the city desired to widen Church street, by passing an ordinance condemning six feet of the Luck building, which entirely destroyed Mason's lease, as it rendered the rooms entirely unsuitable and unfit for a photograph gallery. The ordinance was passed in June, 1924, and on June 24, 1924, a jury of view, or commissioners, were appointed by the city. On July 15, 1924, the jury of view, or commissioners, examined the property and reported its verdict, awarding compensation to the holders of the fee of the property taken. On July 24, 1924, the city engineer notified Mason to vacate the property. Mason vacated and yielded possession to the city on July 30, 1924. On October 21, 1924, the jury of view filed an additional report, awarding compensation to certain of the Luck

tenants, but awarded no compensation to Mason, and on November 19, 1924, the jury's report allowing the defendant no compensation was marked filed and confirmed by the city and ordered spread on the minutes.

Nothing further was done about the matter until on April 22, 1925, Mason filed in the Circuit Court of Davidson County a long petition, styled "Petition for Appeal," against the city, in which he reviewed the whole proceeding whereby the city condemned his property and took it without compensation, and made and filed as part of his petition copies of the ordinance, the appointment of the jury of view or commissioners, the report of the jury of view awarding compensation to some and none to others, copies of the minutes, notice to vacate, and alleged that he was much aggrieved at the award and resolutions, as the compensation awarded him was wholly inadequate, unfair and unjust and confiscatory and deprived him of his property without just compensation, much to his damage, and prayed that his petition be filed as an appeal, as is allowed and permitted by law, and that the case be tried by a jury in the circuit court. The Circuit Judge ordered the petition filed and process to issue upon the execution of bond as required by law.

Thereupon, Mason executed a certiorari bond in the sum of $250, and on April 29, 1925, the clerk issued a writ of certiorari to the Mayor of the City of Nashville, commanding him to send up all the papers connected with the condemnation proceedings for a trial in the Circuit Court, which writ was served on the same date, returnable to the first Monday in May.

After a careful review of the petition we are satisfied that it is a petition for certiorari inartificially drawn. The fact that it is not sworn to and does not specifically pray for a writ of certiorari, and that the judge's fiat for the writ is not in the record, does not affect the proceedings.

A prayer for such remedy as may be deemed proper is sufficient. 11 C. J., 153.

A certiorari issued without a fiat may be dismissed, McDowell v. Keller, 1 Heisk., 450, but where it is treated as valid, and no motion to dismiss on this account was made in the lower court, the appellate court will not dismiss. See Chappell v. Jones, 8 Hump., 109.

In the latter case it was insisted that the judgment ought to be arrested, because the order of the judge for the certiorari did not appear in the record. The Supreme Court held that the agreement of the parties that the warrant and judgment were lost, and that the case might be tried as though they were on file, dispensed with the necessity of showing the order of certiorari.

If this is a petition for the writ of certiorari, then the motions made do not apply and must be overruled.

It is contended that there is no right of appeal from a non-judicial body. Ordinarily this is true, but Shannon's Code, sec. 1984, provides that one aggrieved may appeal. It was held in the case of the Town of Oneida v. Pemberton, 157 Tenn., 625, 12 S. W. (2d), 389, that one may appeal from an assessment made by the Board of Mayor & Aldermen where authorized by a private act by filing a petition in the Circuit Court, setting forth the facts and claims and asking for an appeal. But, in this case there is no provision for the filing of a petition and if an appeal lies under that statute it is from the municipal body direct to the Circuit Court, and it is elementary that an appeal cannot be perfected without having been prayed and granted by the court where the case is tried, unless it is otherwise expressly authorized by some statute. But it is not necessary for us to pass upon the questions whether Mason had a right of appeal and whether the appeal was properly perfected or whether the appeal came too late.

As we view the petition, it is one for a writ of certiorari. If it is, then the motions made are beside the mark.

The office of the petition is to bring to the notice of the court the grounds upon which the party seeks relief from the judgment or execution complained of, and to obtain the writs prayed for. See McDowell v. Turney, 5 Sneed, 228.

The fact that the petition for certiorari may be inartificially drawn, may not give sufficient reasons for not appealing or for the delay in filing the petition, is no reason for not entertaining the petition when not attacked by motion to dismiss. A motion to dismiss a petition must be made at the earliest opportunity, or it is tacitly admitted that the petition contains sufficient cause, in form and in substance, to justify the removal, and the defects of the petition are waived. See 11 C. J., 155; 4 Ency. Plead. & Pract., 248; Hodge v. Dillon, Cooke, 279; Chappell v. Jones, 8 Hump., 107; Nicks v. Johnson, 3 Sneed, 326; Ezell v. Holloway, 2 Baxt., 15; Nance v. Hicks, 1 Head, 624; Copeland v. Cox, 5 Heisk., 171.

A motion to dismiss on the ground that the petition did not show sufficient reasons for not appealing will not be entertained after a trial on its merits, and cannot be raised for the first time on appeal. 4 Ency. Plead. & Pract., 332; Chappell v. Jones, 8 Hump., 107.

It may be still insisted that the petition should be dismissed because the appeal comes too late. The petition should not be dismissed on such a motion because there is a difference between a motion to dismiss a petition for certiorari because the delay was not accounted for in the petition (Caruthers History of a Law Suit (5 Ed.), 399), and a motion to dismiss an appeal because too late.

The motion to quash a petition for certiorari must specify the particular grounds relied on for dismissing it. 4 Ency. Plead & Pract., 250.

However, it will be observed that the trial court overruled the motion to dismiss the appeal because it came too late, without giving any reasons, and we must assume that he had a valid reason if there was one. In reviewing the history of this proceeding it will be observed that the report of the jury of view allowing the defendant nothing was confirmed on November 19, 1924. This was during the October term of the court. The next terms of the court were on the first Mondays in February and May, 1925. Mason's petition was filed on April 22, 1925, which was during the February term, and he prayed that it be returnable to that term, thus it was filed in time. The writ of certiorari as a substitute for an appeal must be applied for before or during the next regular term of the circuit court to which an appeal would have removed it unless a sufficient reason for the delay is shown in the petition. See Shannon's Constitution of Tennessee, 449, Note 11, citing authorities.

The third assignment of error, to the effect that the court erred in overruling the city's motion for a directed verdict because there was no evidence to support a verdict in that he was claiming under a verbal lease from month to month, at will, is not well made. There is abundant evidence that he had a parol lease at $50 per month for three years and that all of it had expired except nine and one-half months, and that the condemnation proceedings, taking off six feet, absolutely destroyed the use of the property he had leased, as he could no longer use it for a photograph gallery, which he says was worth $2000 to him. A parol lease for more than one year is not valid, but it may be good for one year only and the tenant holding over becomes a tenant from year to year. See Shannon's Code, sec. 3142, note 529; Shepherd v. Cummings, 41 Tenn., 355; Hammond v. Dean, 8 Baxt., 195; Rogers v. Wheaton, 88 Tenn., 669, 13 S. W., 689; Wilson v. Alexander, 115 Tenn., 125, 88 S. W., 935. This assignment of error must be overruled.

The assignments of error on the ground that the court refused to give the special requests to the jury, (1) that Mason was not entitled to recover anything, (2) that he cannot recover because he was claiming under a parol lease for three years, (3) that a tenant at will cannot recover damages, must be overruled because all of them are erroneous.

The fifth request for special instructions was erroneous, because the court was requested to charge the jury that in estimating the market value of the lease the jury cannot take into consideration that Mason had been compelled to surrender the rooms for the widening of Church street, or of any enhancement of the value to the

leasehold caused by reason that said rooms had been occupied by a similar business previous to the taking, must be overruled.

The assignment that the court erred in instructing the jury that in determining the value of the leasehold interest it could take into consideration the location of the building in which the photograph studio was located, the equipment and general adaptation of said premises for the purpose for which it was used, is not well made, as the charge as given was correct, and that assignment must be overruled.

But we are of the opinion that the fourth assignment, to the effect that the court erred in admitting evidence over the plaintiff's objection, first, that Mason had been forced to close his studio for four months when Eighth avenue had been widened and received no compensation for that time lost; second, that awards of certain amounts had been made to other tenants in the same building in the same condemnation proceedings; and third, the proceedings and what occurred before the jury of view, the amounts of other verdicts allowed each tenant, and in admitting the reading of the report of the jury of view to the jury, setting out said awards; and fourth, the amount of the net profits that Mason had made while occupying the leasehold property for eight months prior to the condemnation proceedings, was well made, and that the admission of this testimony was error.

As stated by the Supreme Court, the lessee is entitled to recover any excess in the value of his unexpired leasehold over and above the rental charges from which the lessee is released by his eviction. In other words, he is entitled to recover the market value of his leasehold interest less the rents that he must pay to the landlord.

"The right of which a tenant is deprived and for which he is entitled to full compensation is the right to remain in undisturbed possession to the end of the term; and the loss resulting from a deprivation of this right is what he is entitled to recover." 10 R. C. L., 137, sec. 120.

"The test of the value of the lessee's right lies in the excess of the sum for which such right will sell over the amount he has agreed to pay for it by way of rental." 20 C. J., 741.

"If a tract of which the whole or a part is taken for a public use possesses a special value to the owner which can be measured by money, he is entitled to have that value considered in the estimate of compensation and damages. Compensation is not to be estimated simply with reference to the value of the land to the owner in the condition in which he has maintained it or for the use to which it is at the time applied, but with reference to what its present value is, in view of any use to which it is reasonably adapted." 20 C. J., 769; Yates v. Memphis, 137 Tenn.,

642, 194 S. W., 903; Wray v. Knoxville, 113 Tenn., 544, 82 S. W., 471; McKinney v. Nashville, 102 Tenn., 131, 52 S. W., 781; Nashville Interurban R. Co. v. Seay, 1 Hig., 134.

But the adaptability of the land for a particular purpose is immaterial unless the present market value is enhanced thereby. The particular use to which the property is adapted or applied, although a proper matter to be considered, is not controlling as to the value, and witnesses may he required in estimating the market value to show its value for other purposes also. 20 C. J., 773-4.

The use to which the property is devoted at the time of the taking, in consequence of which it has a special value to the owner, is a fact which he is entitled to have considered. 20 C. J., 775; Southern Ry. Co. v. Memphis, 126 Tenn., 267, 148 S. W., 662.

But injuries to good will, or trade, and cost of moving personalty, cannot be taken into consideration in fixing the damages. Lenzi v. Union Station Co., 3 Hig., 218; 20 C. J., 779-780, 782.

While a juror on the jury of view is a competent witness to express his opinion as to the value of the property, it is highly improper to prove the verdict of the jury of view or proceedings had before the jury of view. See McLean v. Union Station Co., 1 Hig., 457; 20 C. J., 988.

It is admissible to prove the value of contiguous property and what contiguous property brought on the market, McLean v. Union Station Co., supra; R. R. v. Hinds, 134 Tenn., 293, 183 S. W., 985, but it is improper to prove what the same party paid for other land or property, as such sales are not a fair criterion of value for the reason that they are in the nature of compromise. Coate v. Terminal Co., 120 Tenn., 525, 111 S. W., 923; 10 R. C. L., 221, sec. 188.

Hence, we are of the opinion that the introduction of all this testimony was prejudicial and this assignment of error must be sustained.

The assignment of error to the effect that the verdict was so excessive as to evince passion, prejudice, or caprice on the part of the jury, is not passed upon by us, as the cause must be remanded.

In view of the fact that there is no error in the judgment of the trial court in respect to the question of the liability of the City of Nashville to the defendant Mason for damages for the taking of his leasehold property, the judgment in that respect and to that extent is affirmed.

We think this is a proper case in which to adopt the practice approved and followed in the cases of Perkins v. Brown, 132 Tenn., 294, 300, 177 S. W., 1158; Aycock v. R. R., 4 Tenn. App., 655, 665; Beaty v. Owens, 6 Tenn. App., 154, 165, and cases there cited, wherein it was held that a reviewing court may, in its discretion, qualify the order of remand so as to restrict the scope of the new trial

ordered, and may, in a proper case, limit the retrial in the court below to the single question of the ascertainment of proper damages.

The assessment of damage against the plaintiff in error and in favor of the defendant in error, Mason, by the jury, and the judgment of the Circuit Court, are set aside, and the cause will be remanded to the Circuit Court of Davidson County for the assessment of damages by a jury under the direction of the court in accordance with this opinion.

The costs of the appeal will be divided. One-half is adjudged against the plaintiff in error and the surety on its appeal bond. The other one-half is adjudged against the defendant in error, Mason. Executions will issue accordingly. The cost of the cause below will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.