**UNITED STATES v. ALDERSON et al.**
Condemnation No. 194.

District Court, S. D. West Virginia.
April 14, 1943.

Somerville & Somerville and Musgrave & Blessing, all of Point Pleasant, W. Va., for C. G. P. Musgrave, petitioner.

Ira J. Partlow, Act. Atty. Gen. of West Virginia, and Kenneth E. Hines, Asst. Atty. Gen., both of Charleston, W.Va., for State of West Virginia, respondent.

John R. Dyer and Claude M. Morgan, Sp. Attys., Department of Justice, both of Charleston, W. Va., for the United States.

HARRY E. WATKINS, District Judge.

This is a condemnation proceeding for the purpose of taking more than eight thousand acres of land in Mason County, West Virginia, for erection of the West Virginia Ordnance Works. The particular controversy here involved relates to the disbursement of an award of $37,341 made by the commissioners to the State of West Virginia as lessee of a tract of 200 acres. C. G. P. Musgrave, lessor, and petitioner herein, asks that the sum of $7,228.86 be paid to him out of this award in lieu of future rentals for the unexpired term of about five years under his lease with the State of West Virginia.

On February 18, 1942, the time of taking, petitioner was the owner of a tract of 378.93 acres, of which 200 acres was under lease to the State of West Virginia. The lease was dated May 28, 1927, expired in 20 years, called for a yearly rental of $1,400, and gave the lessee the right to remove all of its improvements at the termination of the lease. The state has erected numerous buildings upon the 200

acre tract, which it uses as a camp ground and rifle range for the National Guard of the State of West Virginia, known as Camp Conley.

The declaration of taking, filed May 2, 1942, described the fee simple title in the whole tract of 378.93 acres as Tract 2, and by virtue of a judgment entered on the same date, the fee simple title in the entire tract passed to the government. The government was unable to agree with petitioner and lessor on a price to be paid for his interest in the fee. The State of West Virginia offered in writing to convey to the United States of America, all of its right, title and interest in and under the lease, including its interest in the buildings for the sum of $37,341, which offer was accepted in writing by the government. The agreement provided that should the United States determine that the title was unsatisfactory to be purchased by deed, it might acquire the same by condemnation, and the agreement would constitute a stipulation to be filed in such proceeding, and be final and conclusive evidence of the true value of the state's interest in the leasehold and of the proper award to be made to the state in such proceeding.

At the time this agreement was signed, and at the date of taking, Section 3679, West Virginia Code, provided: "Whenever the whole of any tract of land which is under lease is taken under the power of eminent domain, the liability of any tenant of such land to pay rent thereon shall terminate unless the lease expressly provide otherwise. * * * The foregoing provisions shall not affect nor impair any right which a tenant of land may have to compensation from the person exercising the right of eminent domain, for the value of his lease, or other property upon the leased premises belonging to him, or in which he may have an interest, if such value shall exceed the amount of the rent from the payment of which he is relieved by virtue of the provisions of this section."

The United States decided to take title to the state's interest in the leasehold through condemnation rather than by deed, and presented the agreement to the commission, which fixed the just compensation of the state for its right, title and interest in the leasehold at the agreed sum of $37,341. The commission then proceeded to hear evidence as to the value of the right, title and interest of petitioner in the fee to the entire tract of 378.93 acres, em-

bracing the 200 acre Camp Conley tract, and fixed the just compensation due petitioner at $52,000, from which award the United States appealed. Later such appeal was withdrawn, and, without objection by any party, this court confirmed the awards to both the petitioner and the state as just compensation for their respective interests in the fee simple title to the 378.93 acre tract. Thereby each party was fully and fairly compensated for everything taken from him or it in the condemnation proceeding. There can be no question that the fee title to the entire tract vested in the United States, and the fee included everything. Under the West Virginia statute, the liability of the state to pay future rents under the lease terminated. This seems to be the majority rule even in the absence of statute. Corrigan v. City of Chicago, 144 Ill. 537, 33 N.E. 746, 21 L.R.A. 212; Fed.Em.Dom. (1940), Sec. 131; 43 A.L.R. 1176 et seq., supplemented, 1928, 53 A.L.R. 686; Mason v. City of Nashville, 155 Tenn. 256, 291 S.W. 1074. Where this rule is applied, the lessee is compensated for the market value of the unexpired term, less the value of the rent reserved. The lessor receives the value of the rents plus the value of the reservation; or, the value of the fee less the award to the lessee. If the land were renting for more than the value of the use, the landlord should not get the full value of the rents to become due, as this would result in the paying of more than the value of the property taken. Fed.Em.Dom. (1940), Secs. 102–D, 131–F; cf. Sec. 102–B. The income derived from the lease, however, may be a determinative factor in fixing the value of the fee, especially if the lease be for a long term. Petitioner takes the position that in addition to his award, the state owes him rent for approximately five years (the unexpired portion of the lease), and that he is entitled to receive such rent now out of the award made to the state. I can see no merit in such contention.

The evidence before the commission shows that petitioner has been fully compensated. The smallest value placed upon the leasehold tract of 200 acres by government witnesses was $120 per acre and the largest value was $200 per acre. Certainly it can be said that in the $52,000 award to petitioner for the 378.93 acre tract the commission included at least $120 per acre for the 200 acre tract, or $24,000. This amount he gets now, and if invested at six

per cent, would bring him an annual income of $1440 for the next five years, in lieu of land from which he would derive an income of $1440 per year during such period, less taxes upon the land which petitioner is obligated to pay under the terms of the lease. If such land is worth $200 per acre or $40,000 as stated by petitioner and his witnesses, six per cent thereof or $2,400 per year, would be his income for the next five years instead of $1,400 per year under the lease.

In my opinion the petitioner has been fully compensated and the relief asked in his petition is denied.