D. W. Moulton, Commissioner of Highways and Public
Works of the State of Tennessee

*v.*

Mrs. Sarah A. George et al.

(*Jackson*, April Term, 1961.)

Opinion filed May 5, 1961.

Rehearing Denied July 26, 1961.

George F. McCanless, Attorney General, James M. Glasgow, Assistant Attorney General, for petitioner, Commissioner of Highways.

Hancock & Manhein, Waldrop, Hall & Tomlin, Jackson, for respondents, property owners and lessee.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

This is a condemnation suit in which we have heretofore granted the petition for certiorari by the Commissioner of Highways and Public Works of the State of Tennessee. The question for determination is whether or not the lower courts acted illegally in rendering a judgment by adding the leasehold interest to the amount found to be the value of the fee simple title?

The question posed comes about under a factual situation, as follows: The Commissioner brought suit to condemn approximately a quarter of an acre of land belonging to Mrs. George which had been leased to one Morgan who had upon it certain buildings for filling station purposes. The jury in the trial court found that the value of the land taken was $10,450. The jury likewise found that the incidental damages to the property thus taken were $38,550. This jury also found that the value of the unexpired portion of the lease was $11,200, and found likewise that the incidental damages to this leasehold for the moving of equipment and fixtures were $1,350. After these four findings the trial court added the four figures together and gave judgment against the condemnor for the total sum of $61,550.

The theory and argument of the Commissioner are that the effect of this judgment is to make the value of the sum total parts greater than the value of the whole, that

is, that the jury by its findings found that the sum total value of the land and incidental damages were $49,000 and that this represented the whole of the property and from it should be deducted the sum of $12,550, the value of the leasehold estate which was part of the whole. This Court in effect held that the total compensation to be paid for a tract of land condemned cannot exceed the value of the unincumbered fee, *Mason v. City of Nashville*, 155 Tenn. 256, 291 S.W. 1074, and that this total compensation must be apportioned between the reversioner and lessee according to their respective interests, *Colcough v. Nashville & N. W. Railroad Co.*, 39 Tenn. 171. In principle this Court likewise made the same determination in *Nashville, C. & St. L. Ry. Co. v. Heikens*, 112 Tenn. 378, 79 S.W. 1038, 1042, 65 L.R.A. 298. In this case the determination was that an injury to leased premises in the possession of a tenant entitles the tenant to a right of action against a wrongdoer on account of the interruption of the enjoyment of his estate and the lessening of the use for the term. The Court held that the value of the leasehold interest should be proved, and deducted from the total valuation of the building. In this case the Court reversed and said this:

"This value should have been proven, (that is, the value of the leasehold interest) and the jury should have been instructed by the court to deduct it from the total valuation of the mill."

The above holdings of our Court are clearly in line with the well established general principle which is so well stated by the Missouri court in *City of St. Louis v. Rossi*, 333 Mo. 1092, 64 S.W.2d 600, 604, wherein that court said:

"The well-established general rules of eminent domain seem to be that, when a piece of property is taken, in which the ownership is divided into several interests, as between the public and the owners, it is considered one estate; that the public right is exercised upon the land itself without regard to the subdivisions of interest; that the amount of the value of the land to which each one of the owners of the interests is entitled is no concern of the condemnor; that the various owners' interests in the property are transferred to the fund, allowed as damages to compensate them for the injury to the land, which is substituted for the property taken; that the value of the property taken is all that the condemnor must pay, and this value cannot be increased by any contracts or distribution among the different persons owning interests in it; and that the sum of all the parts cannot exceed the whole."

This principle of law so well stated, which we have last above quoted, is followed by most jurisdictions in the United States, and probably the only exceptions thereto are where the statutory law of some State is different from that of ours, or requires a different conclusion. For many, many cases cited on this question see 29 C.J.S. Eminent Domain sec. 197, page 1102, and the current supplement thereto. This question likewise is annotated in 69 A.L.R. 1263, and 166 A.L.R. 1211. The annotator of these annotations states it as a general rule and reaches the conclusions so well expressed by the Missouri court, supra.

The trial court in the instant case charged the jury that their first obligation was to find "the just, fair and

reasonable market value of the land taken;''—and then the court charged the jury that their next obligation was to determine the question of incidental damages as off-set by incidental benefits and that these findings should be separately reported on all the issues submitted (*Union R. Co. v. Raine,* 114 Tenn. 569, 86 S.W. 857). The court then charged that ''the compensation which must be paid by the condemner for a tract of land condemned cannot be increased because of the existence of a lease for years outstanding and unexpired at the time of the condemnation, and the aggregate compensation awarded the owner and lessee cannot exceed the value of the fee unincumbered.'' Thus it is, under this feature of the charge, clearly from a technical standpoint, the award, which will hereinafter be referred to as made to the lessee, should be deducted from the whole of the actual and incidental damages awarded the property owner.

Following the above quotation from the charge the court charged the jury in reference to damages, if any, that the lessee, Morgan, would be entitled to, and charged that ''If you find for the defendant Morgan on this issue, you will report the amount he is entitled to for the unexpired term of the lease.'' Then follows in this same charge and in the next paragraph the question of incidental damages for the lessee which is included in Section 23-1414 of the Supplement to the Code and was the jury's finding here for the removal of fixtures, furnishings, etc., of $1,350.

The jury after retiring and having this charge of the court returned into court four separate findings as they were instructed to do. To these findings some colloquy developed between the judge, the jury and counsel

as to the meaning of these findings. The trial judge evidently concluded from these findings that it was the intention of the jury to add the amounts fixed due the lessee to the total sum fixed for the landowner and thus entered the judgment accordingly. On appeal the Court of Appeals affirmed for the reason that there was proof in the record which would show that the total value amounted to as much as the total of these four figures or more. Counsel for the Commissioner stated at the time, after the jury returned its verdict, ''It can't be—or, as the court charged the jury there can't be, or the value of the land taken can't be increased by reason of the lease.'' On the motion for a new trial there were affidavits of many jurors presented to show both that the jurors intended to include all this as the court made up its verdict while there was an affidavit of one or more jurors to the effect that it was their idea that the sum fixed for the lessee should be deducted from the total as fixed for the property owner. Of course, the verdict of the jury cannot be impeached in this way. We merely cite the fact to show the uncertainty of the matter. In our judgment the charge of the court clearly would warrant that the sums allowed the lessee should be deducted from the gross sum allowed the property owner.

We think in view of this evident mix-up and misunderstanding of the instructions, which were properly given insofar as they went, that this warrants a reversal and remand so that in the next trial the jury can be properly instructed and a deduction for the value fixed on the lease estate made from the gross value as fixed for the actual value of the property and the incidental damages thereto to the owner of the property in compliance

with the quotation hereinbefore made from the Missouri court.

We adopt the quotation of the Missouri court as the applicable law to be applied under like situations in condemnation cases in this State. When cases of the kind are tried together before the same jury which is to determine the amount due the property owner and the lessee alike, the jury should be instructed to deduct from the amount fixed as the fair market value of the property and incidental damages thereto the amount they fix as the value of the leasehold plus the incidental damages to the leasehold. When a jury is thus instructed there can be no possible misunderstanding as was in the instant case. For the reasons stated herein, the cause is reversed and remanded to the Circuit Court of Madison County for a new trial in compliance with what is said herein.

### On Petition to Rehear.

The landowner and lessee have filed herein very forceful, able and courteous petitions to rehear. We have carefully considered these petitions.

We find that the petition of the landowner presents to all intents and purposes the same forceful argument made in the original brief in response to the petition for certiorari and the argument so well made before this Court. It is true that this petition points out certain rules of law that are well established in this State, which, it is thought by the petition to rehear, that by reason of our original opinion, we have changed or overruled. There was no intention on our part, nor is there now, to overrule and of these principles which are clearly applicable when the situation arises wherein those principles were

adopted. We do feel though for reasons stated in this opinion that justice and equity can only be arrived at by a re-trial of the case.

The lessee takes the position in his petition to rehear that there was never any complaint as to the amounts awarded him in the first instance and that thus the award made the lessee should be affirmed and he should not have to go through a second trial. We think though that it is necessary out of an abundance of precaution to see that equity, justice and right is accomplished that the whole matter be remanded for a new trial.

Under Section 23-1414, T.C.A., supplement to the Code, the lessee is entitled to compensation for his "reasonable expense of such removal" and these "shall be considered in assessing incidental damages." The Legislature in enacting this Section clearly fixed it as a part of the damages to a lessee or another the removal of things like those of the lessee herein, and these must be fixed as under the rules fixing incidental damages, as laid down by our previous decision. We think unquestionably that this subject of moving expenses of personal property as a result of the appropriation of this real property is fixed by this statute as a legitimate one.

For the reasons above stated the petitions to rehear must be overruled and the cause remanded for a trial consistent with our original opinion and this opinion on the petitions to rehear.