**STATE of Tennessee ex rel. Robert F. SMITH, Commissioner, Department of Highways, Appellant,**

v.

**Hugh R. HUFFAKER et ux., et al., Appellees.**

Supreme Court of Tennessee.

Dec. 3, 1973.

David M. Pack, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville,

Earl S. Ailor, Sp. Trial Counsel, Knoxville, for appellant.

Robert L. Ogle, Jr., Sevierville, for appellees.

## OPINION

W. M. LEECH, Special Justice.

This is an eminent domain case that resulted in a jury verdict for the fair market value of the land and premises taken in the amount of $31,000.00. The landowners, Hugh and Pauline Huffaker, filed a motion for a new trial with the result that the trial judge suggested an additur of $1,000.00, which was accepted by the State under protest. The State subsequently prayed for and perfected this appeal.

The judgment that was entered on the jury verdict, in pertinent part, is as follows:

"This cause came on to be heard before Honorable George R. Shepherd, Judge, and came a jury of good and lawful men, to wit . . . which jury having been selected and sworn to try the issues and having heard the evidence . . . and returning into open Court said jury upon their oaths do say that they find the *cash market value of the land and premises taken to be the sum of $31,000. It was stipulated that there were no incidental damages to which they were entitled.*" (Emphasis added).

Following the argument of counsel upon the motion for a new trial, the following order was entered:

"This cause came on for hearing before Honorable George R. Shepherd, Judge, upon the motion for a new trial, and after argument of counsel, the Court was of the opinion that *although the jury verdict was probably the full market value of the property, since the property owners are being required to move*

*from their home an additur should be suggested. The Court approves the verdict and will deny the motion of the defendants on each and every ground thereof provided the petitioner will accept an additur* of $1,000, and the Court suggests an additur subject to the acceptance of petitioner, in the sum of $1,000.-00. In the event the petitioner does not accept an additur of $1,000 within thirty days from the entry of this order, the verdict of the jury will be set aside and a new trial granted and the cause will be reinstated upon the trial docket. If the petitioner accepts the additur of $1,000 within thirty days from the entry of this order in writing the defendants' motion will be denied. . ." (Emphasis added).

The sole issue before the Court of Appeals was whether or not it was error for the trial judge to suggest an additur based upon the landowners being required to move from their home when the parties had previously stipulated that the landowners were not entitled to incidental damages. The Court of Appeals sustained the State's contention that it was error and reversed and remanded the cause for a new trial. Thereupon, the State presented a petition to rehear on the question whether a remand for a new trial was necessary. The State sought only to have the incidental damages reversed and judgment entered on the jury verdict. On this question, the Court of Appeals held that they only had the power to suggest a remittitur on the condition that a new trial would be ordered if it was not accepted by the landowners. We granted certiorari to review the action of the Court of Appeals.

The first issue for our consideration is whether the trial court was in error in suggesting the $1,000 additur. In the instant case the additur was given "since the property owners [were] being required to move from their home." From T.C.A. § 23-1414, it is clear that:

"[T]he removal of furniture, household belongings, fixtures, equipment or machinery [if] made necessary by the taking [of property by eminent domain] shall be considered in assessing incidental damages."

In addition, our case law makes it obvious that moving expenses in eminent domain cases are to be considered incidental damages. *See, e. g.,* Memphis Housing Authority v. Memphis Steam Laundry, 225 Tenn. 46, 463 S.W.2d 677 (1971); Moulton v. George, 208 Tenn. 586, 348 S.W. 129 (1961). It is apparent, therefore, that the trial judge erred as a matter of law in suggesting an additur based on moving expenses because the technical record makes it clear that the parties had stipulated that the landowners were not entitled to any incidental damages. Therefore, to this point we concur with the Court of Appeals' disposition of this case.

However, the question of whether the Court of Appeals' ultimate disposition of the case was correct remains for this Court to decide. To resolve this question we must look to both the original action of the trial judge and the subsequent action of the Court of Appeals.

The Court of Appeals reasoned that the additur statute, T.C.A. § 20–1330, authorized them only to suggest a remittitur to the landowners on the express condition that a new trial would be ordered if the suggested remittitur were not accepted. They further suggested that the additur statute made no provision for them to enter judgment as the remittitur statute does. However, this discussion of the additur and remittitur statutes by the Court of Appeals was unnecessary.

It was unnecessary because it is apparent from the face of the technical record that the trial judge erred as a matter of law in suggesting an additur. As such, the authority of the Court of Appeals to remit all or part of an additur the amount of which

that Court feels was improper and enter judgment in that Court was not in question.

■■ The additur statute only permits the trial judge to suggest an additur in cases where, in his opinion, the verdict is inadequate. Thus, the suggestion of an additur based on something not in issue, like incidental damages in the instant case, does not fall within that language. Moreover, the Court of Appeals having held that the trial judge erred as a matter of law in suggesting the additur, and the verdict of the jury having otherwise been approved, there was nothing on which the Court of Appeals could suggest a remittitur. Therefore, their interpretation of the additur statute was error.

The aforesaid being true, the Court of Appeals should have entered judgment for the amount of the verdict since both the jury and the trial judge apparently agreed that $31,000.00 was the cash fair market value of the land and premises taken by the State. In addition, T.C.A. § 27–326 provides:

> "If the judgment . . . of the inferior court is reversed, the appellate court *shall render such judgment . . . as should have been rendered* in the inferior court. . . . ." (Emphasis added).

In the instant case, it is clear that the inferior court should have entered judgment for $31,000.00. The additional $1,000.00 additur for incidental damages was error as a matter of law. It follows therefore that the Court of Appeals was in error in ordering the case to be remanded for a new trial. Thus, the Court of Appeals is reversed and we order that the judgment of the trial court which was entered on the jury's verdict, of $31,000.00 be affirmed and we remand this cause to the trial court for enforcement of that judgment.

DYER, C. J., McCANLESS and FONES, JJ., and JENKINS, Special Justice, concur.