STATE of Tennessee ex rel. SMITH,
Commissioner, Petitioner,

v.

V. L. HOGANSON and Lena Hoganson,
Respondents-Petitioners,

and

Guilford Glazer, Respondents.

Supreme Court of Tennessee.

Oct. 1, 1979.

J. Kimbrough Johnson, Memphis, for State of Tennessee ex rel. Smith, Commissioner; Thomason, Crawford & Hendrix, Memphis, of counsel.

Sam F. Cole, Jr., Memphis, for V. L. Hoganson and Lena Hoganson; Lane, Hansom & Cole, Memphis, of counsel.

Thomas R. Price, Robert M. Johnson, Mary L. Wolff, Memphis, for Guilford Glazer; Canada, Russell & Turner, Memphis, of counsel.

## OPINION

BROCK, Chief Justice.

This is an eminent domain proceeding in which we granted certiorari to review the decision of the Court of Appeals reversing the judgment of the trial court and remanding the case for new trial because of alleged error in instructions to the jury.

The subject property is a commercial lot on Poplar Avenue in Memphis upon which a five story office building is located. The building is owned by the respondents, Hoganson, and is in the possession of respondent, Glazer, under a 99 year lease. At the time of trial, 82 years remained on the term of the lease and the lessee, Glazer, was obligated for rent at the rate of $700.00 per month up to December 1, 1976, and $800.00 per month thereafter. The lessee, Glazer, subleased the office space in the building for a gross profit of about $250,000.00 annually.

The State condemned a strip of this property 6 feet deep and 212 feet long along Poplar Avenue for the purpose of widening that street. At the time of taking, this strip was devoted to parking spaces by the lessee and his subtenants and the principal issues at trial were the amount of incidental damages to the remainder of the property not taken and the apportionment that should be made between the landlord, the Hogansons, and Glazer, the tenant, of the total compensation to be paid for the taking.

The various parties introduced testimony at the trial respecting the value of the land taken and the incidental damages to the remainder of the tract. This testimony was in conflict, not only with respect to the number of parking spaces that were lost by reason of the taking, but also with respect to the value of the land taken and the amount of the incidental damages to the remainder. The defendants offered the testimony of two appraisers each of whom concluded that the loss of 19 parking spaces resulted in a 9.45 percent reduction in rent and each of whom evaluated the land taken at $5,345.00 and the incidental damages at $113,000.00. One of these witnesses apportioned the total compensation of $118,345.00 by allowing $4,196.00 to the owners, Hoganson, and $114,149.00 to the lessee, Glazer. The other defendants' witness apportioned the total compensation, $2,500.00 to the owner and $115,845.00 to the lessee. The State offered the testimony of three appraisers, one of whom valued the land taken at $7,766.00 and incidental damages at $30,350.00 but did not state what a proper apportionment between the landlord and tenant should be. The other two State's witnesses were of the opinion there would be no reduction in the gross and net rent earned by the lessee and, therefore, no incidental damages. One of these witnesses placed a value on the land taken at $7,611.00, the other at $7,009.00. Neither of these two witnesses for the State stated what a proper apportionment between the landlord and tenant should be.

The value of the improvements taken, consisting of asphalt pavement, was stipulated by the parties to be $267.00 and the value of the construction easement was also stipulated by the parties to be $250.00, leaving for determination by the jury the fair cash market value of the land taken and the incidental damages, if any, to that portion of the original tract remaining after the taking. The jury returned a verdict awarding $6,996.00 for the land taken, $1,500.00 for incidental damages to that portion of the tract remaining after the taking, which along with the $267.00 for improvements taken and $250.00 for the construction easement, which had been stipulated by the

parties, made a total of compensation awarded of $9,013.00. The jury further apportioned this total compensation by awarding $6,996.00 to the Hogansons, owners, and $2,017.00 to Mr. Glazer, the lessee.

When the verdict was announced, the trial judge sent the jury back out of the courtroom while he conferred with counsel and stated:

"It is obvious that this apportionment is improper."

He consulted counsel about the possibility of having the jury redetermine the apportionment issue in further deliberations but defendant Glazer, the lessee, elected to move for a mistrial instead and when his motion for mistrial was overruled the verdict was accepted and recorded.

The Court of Appeals concluded that the trial court had committed reversible error in its instructions to the jury with respect to (1) the total compensation to be awarded for the taking and (2) the rule for apportioning the total award between the landlord and the lessee. Accordingly, a new trial was ordered with respect to all parties and the case was remanded for that purpose. Certiorari review by this Court was sought by both the State and the Hogansons and both petitions were granted.

**I**

■ In the case of a partial taking of property subject to a leasehold estate, the policy announced in prior decisions of this Court requires that the jury be instructed to first determine the total amount of just compensation for the taking, including the fair, reasonable cash market value of the property taken, on the date of the taking, and the incidental damages, if any, to that portion of the tract remaining after the taking. This total compensation is to encompass all the losses sustained by all parties having an interest in the property affected, such as, in this case, the landlord and the lessee. This total amount of compensation for the taking cannot exceed the value of the fee, unencumbered by the lease, on the date of taking. *Moulton v. George*, 208 Tenn. 586, 348 S.W.2d 129

(1961); *Shelby County v. Barden*, Tenn., 527 S.W.2d 124 (1975); *State v. Texaco, Inc.*, 49 Tenn.App. 278, 354 S.W.2d 792 (1961); *Mason v. City of Nashville*, 155 Tenn. 256, 291 S.W. 1074 (1927). After determining this total of compensation to be awarded for the taking, the jury is then required to apportion that total between the landlord and the tenant. *Moulton v. George, supra; Shelby County v. Barden, supra.*

**II**

We agree with the Court of Appeals that the trial court erred in instructions respecting the apportionment of damages between the landlord and the lessee. The defective charge was as follows:

"Normally, in a case where you have a tenant occupying the entire premises and the state or the condemning authority takes part of the premises and damages it, the tenant is entitled, under normal circumstances, ladies and gentlemen of the jury, to the difference in the value of the lease for the balance of the term. Now, in this case I charge you that you must find from all of the surrounding circumstances and from the evidence, if you can, and if you do find that there was incidental damages, you will have to determine whether those incidental damages should be paid to the lessee or whether they have been incurred by the owner, the Hogansons, considering all the evidence and the circumstances that have been presented to you, what those amounts are.

"In other words, under the law, you will decide from the evidence and from the witnesses how the money should be allocated. In other words, you will first find the total amount of dollars, the value of the land taken and the incidental damages, if any, and then you will apportion between Mr. & Mrs. Hoganson and the lessees how those damages should be divided."

■ In our opinion, this instruction is inaccurate and misleading. In order for such error to be available on appeal, it is

not necessary that the offended party should have made objection to the charge in the trial court. Rule 51.02, Tennessee Rules of Civil Procedure; *Rule v. Empire Gas Corp.*, Tenn., 563 S.W.2d 551 (1978). The error of the trial court was more than a mere omission to charge; here, he attempted to give instructions respecting apportionment and in so doing misstated the law and gave a confusing charge. In our opinion, the jury would have been justified in believing this instruction to mean that the lessee's damages could consist only of incidental damages, if any, from the taking; and, the correct rule for making an apportionment between the landlord and tenant in the event of a partial taking was not given to the jury at all.

■ Briefly stated, the damage suffered by a lessee in the event of a partial taking is the difference between the value of the lease prior to the taking and the value of the lease after the taking. 4 *Nichols on Eminent Domain*, § 12.42(3) at 12–822. And the proper rule for apportioning compensation between the landowner and the tenant has been stated as follows:

"If there is a partial taking the award is apportioned as follows:

"(a) Leasehold value prior to the taking minus leasehold value of the remainder after the taking equals the amount to be paid to the lessee. The leasehold value of the remainder is computed by subtracting the reserved rent, as abated, from the rental value of the remainder area.

"(b) The damages, computed on the basis of the undivided fee rule, minus the amount found under (a) immediately above, equals the amount due to the lessor."

Nichols on Eminent Domain, id.; *Great Atlantic & Pacific Tea Co. v. State*, 22 N.Y.2d 75, 291 N.Y.S.2d 299, 306, 238 N.E.2d 705, 711 (1968).

*See also, Moulton v. George, supra*; Sackman, "Compensation Upon the Partial Taking of a Leasehold Interest," 3 Institute on Eminent Domain 35, 50–51 (1961).

The above quoted charge respecting the issue of apportionment of compensation between the landlord and the tenant does not state this rule; it states an incorrect rule. Moreover, the error cannot be considered harmless since the trial judge, upon hearing the verdict, immediately observed:

"It is obvious that this apportionment is improper."

### III

■ The Court of Appeals was of the opinion that the charge of the trial court did not indicate whether the total compensation to be awarded was "limited to the market value of the unencumbered fee in the entire tract, the part taken, or the part remaining."

The trial judge instructed the jury that "The aggregate compensation awarded to the owner and the lessee cannot exceed the value of the unencumbered fee in this case. In other words, you are not to consider the fact that there is a long term lease on this property to increase any damages to either the owner or the lessee."

This instruction could have been made clearer, but in our opinion it does not represent a misstatement of the law. The charge prohibits the "aggregate compensation" from exceeding the "unencumbered fee." There is no indication that the jury should or might assume that the term, "unencumbered fee," referred to the land taken or to the remainder of the tract after the taking rather than to the tract as a whole. Furthermore, it is apparent from the evidence that the highest value placed upon the land taken was $7,611.00 and that the total compensation awarded to the landlord and the lessee was $9,013.00, plainly indicating that the jury did not restrict the total compensation to the value of the strip of land taken. *See, State v. Texaco, Inc., supra*, 354 S.W.2d at 795.

However, we are of the opinion that the instructions, taken as a whole, were confusing and ambiguous with respect to the rule for determining the value of the land taken and the rule for ascertaining incidental

damages, if any, to the land remaining after the taking. *See, Nashville Housing Authority v. Cohen*, Tenn., 541 S.W.2d 947, 950 (1976); *Alloway v. Nashville*, 88 Tenn. 510, 13 S.W. 123 (1890); *Love v. Smith*, Tenn., 566 S.W.2d 876 (1978).

Accordingly, the judgment of the Court of Appeals reversing and remanding for a new trial is affirmed and the cause is remanded to the trial court for a new trial on all issues. Costs incurred in this Court are taxed against the State of Tennessee.

FONES, COOPER, HENRY and HARBISON, JJ., concur.