STAPLETON, Recorder *v.* STATE *ex rel.* SPUR DISTRIBUTING Co., Inc.

(*Knoxville,* September Term, 1952.)

Opinion filed April 25, 1953.

PRIVETTE & MORTON, of Knoxville, for plaintiff in error.

FRANTZ, MCCONNELL & SEYMOUR, of Knoxville, for Spur Distributing Co., Inc.

WINICK & MORRISON, of Knoxville, for Nathan Robinson and wife, Sarah Robinson.

Mr. Justice Tomlinson delivered the opinion of the Court.

The City of Knoxville,—electing the method authorized by Code Section 3397 et seq.,—proceeded to condemn for street purposes a parcel of land owned by Mr. and Mrs. Nathan Robinson, and leased by them to Spur Distributing Company for a term which had fourteen years to run at the time these condemnation proceedings were instituted. The Condemnation Commissioners reported to the City Council an award of $32,094 to Mr. and Mrs. Robinson, and $15,000 to their lessee, Spur Distributing Company. The City Council adopted a resolution accepting "the amounts" fixed by these commissioners, and paid the total award of $47,094 into the office of the City Recorder as required when proceeding under this particular statute, if the City accepts the award fixed by the Commissioners selected by it, Code, Sec. 3399. Robinson and Spur Distributing Company were notified of this action by the City's letter of July 2, 1951, and advised

that the money was in the recorder's office "to their account and subject to their order".

Spur Distributing Company did not appeal. Mr. and Mrs. Robinson did, and by their appeal are questioning the right of the City to condemn this property. "Under these circumstances", to use the language of the City's letter of August 9, 1951, Spur Distributing Company was directed by the City to continue payment of rent to the owners, Mr. and Mrs. Robinson. The rent was so paid until the property was vacated by Spur Distributing Company on December 13, 1951 pursuant to the demand of the City. By their appeal the Robinsons likewise questioned the adequacy of the amount awarded.

Spur Distributing Company, having vacated the property pursuant to the City's demand, made two written requests of the recorder to pay it the $15,000 deposited with him by the City Council pursuant to its acceptance of that award to this lessee by the Condemnation Commissioners. The recorder ignored these letters with the result that Spur Distributing Company instituted this suit seeking by mandamus to have the recorder pay to it this $15,000. The answer of the recorder, in so far as pertinent to the controlling question here, was that the appeal by the owners, Robinson and wife, brought the case to the Circuit Court as to all parties, including Spur, for trial de novo as to the amount of damages due from the City of Knoxville to the owners and to the lessee, respectively.

The Circuit Court rejected the recorder's insistence and held that the City by its conduct fixed its liability to Spur Distributing Company at the amount awarded by the Commissioners. Accordingly, it was ordered that the pre-emptory writ of mandamus issue requiring the recorder to pay Spur this award of $15,000, together with

interest. The question is brought to this Court by the appeal of the recorder.

It is said in behalf of the recorder that the total compensation to be paid for a tract of land condemned cannot exceed the value of the unencumbered fee, *Mason* v. *City of Nashville,* 155 Tenn. 256, 291 S. W. 1074, and that this total compensation must be apportioned between the reversioner and the lessee according to their respective interests, *Colcough* v. *Nashville & N. W. Railroad Co.,* 39 Tenn. 171. It is further insisted that when Robinson appealed he became entitled to a trial de novo in the Circuit Court as to the amount of the total award and as to the apportionment thereof between himself and the lessee, Spur Distributing Company. *Georgia Industrial Realty Co.* v. *City of Chattanooga,* 163 Tenn. 435, 43 S. W. (2d) 490. For these reasons, it is insisted by the City Recorder that the appeal by Robinson necessarily brought up the entire case because the relative rights of the parties depend upon the total award to be made in the Circuit Court for the unencumbered fee to the land. Read *Grubb* v. *Browder,* 58 Tenn. 299, 302-303; *Parsons* v. *Kinzer,* 71 Tenn. 342, 352; *State ex rel. Weaver* v. *Bolt,* 130 Tenn. 212, 218, 169 S. W. 761.

The conduct of the City in this particular case precludes a consideration of the important question stated. The City approved not merely the total amount awarded by the Condemnation Commissioners, but also the respective amounts awarded to the reversioner and the lessee making up this total. The language of the resolution is that the report "be accepted and the amounts (plural) fixed by the condemnation commissioners be approved by the council". Standing alone, this was not conclusive upon the city, since Robinson and wife had not appealed at that time. It is, however, some indication

148

of the intentions of the City to deal separately with the reversioners and the lessee in the acquiring of this property.

In the appeal subsequently made by Robinson and wife the right of the City to condemn this property was directly challenged. The decision of that question is now pending in the Circuit Court on the appeal of Robinson and wife. There is no suggestion that the question is not made in good faith. When the right or legality of the condemnation is bona fide challenged by the owner of the property the obligation to surrender possession is postponed until that question is determined, and it may be determined prior to a hearing on the question of damages. *Georgia Industrial Realty Co.* v. *City of Chattanooga,* supra, 163 Tenn. at page 443-444, 43 S. W. (2d) 490.

Notwithstanding the fact that Spur Distributing Company, the lessee, was entitled to retain possession under its lease pending determination of the question made by the reversioner as to whether the City had the right to condemn this tract of land, the City demanded that it surrender possession to the City and this was done. The City made this demand, and took possession with full knowledge that its right to condemn this property was being questioned by the owner. It made this demand and took possession from Spur Distributing Company without attempting, in so far as this record discloses, to get that question first determined, as it might have.

Since the City approved the amount awarded to the lessee and paid that amount to the recorder for payment over to the lessee, and since the City thereafter required the lessee to surrender possession of its leasehold interest to the City, notwithstanding the City's knowledge of the

fact that the lessor was questioning in the Circuit Court the right of the City to condemn this property, it must be concluded that the City elected to deal with the lessee separately and apart from the owner of the reversion with reference to the amount of compensation to be paid for the taking of the leasehold interest.

Since the City had the legal right to deal separately with the lessee in regard to the question of damages, *Mason* v. *City of Nashville*, 155 Tenn. 256, 264-265, 291 S. W. 1074, and did so deal, the pending appeal of the reversioners, Robinsons, afforded the City Recorder no legal justification, after Spur Distributing Company surrendered possession, for refusal to pay over to Spur Distributing Company the money deposited with him by the City for that purpose. It was his duty under the circumstances to then pay over that money.

The judgment of the Circuit Court will be affirmed with cost adjudged against plaintiff-in-error. The cause will be remanded for further appropriate proceedings.